FILED

2010 FEB 10  PM 12: 26

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  SEYFARTH SHAW LLP
   Eric R. McDonough (SBN 193956)
2    emcdonough@seyfarth.com
   Daniel Hargis (SBN 224226)
3    dhargis@seyfarth.com
   Daniel R. Sable (SBN 245171)
4    dsable@seyfarth.com
5  2029 Century Park East, Suite 3500
   Los Angeles, California 90067-3021
6  Telephone: (310) 277-7200
7  Facsimile: (310) 201-5219

8  SEYFARTH SHAW LLP
   Lawrence E. Butler (SBN 111043)
9    lbutler@seyfarth.com
10  Robin M. Cleary (SBN 192489)
     rcleary@seyfarth.com
11  560 Mission Street, 31st Floor
   San Francisco, California  94105
12  Telephone:  (415) 397-2823
13  Facsimile:  (415) 397-8549

14  Attorneys for Defendant and Cross-Defendant
   FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for
15  MARSHALL BANK, N.A.

16

17              UNITED STATES DISTRICT COURT

18            CENTRAL DISTRICT OF CALIFORNIA

19  INTEGRATED FINANCIAL          )  Case No. EDCV 10- 0209 VAP (OPx)
   ASSOCIATES, INC., a Nevada     )
20  corporation,                  )
                                  )  (Riverside Superior Court Case No.
21         Plaintiff.             )  RIC 532644)
                                  )
22                                )
                                  )
23      v.                        )  **NOTICE OF REMOVAL OF**
                                  )  **ACTION FROM THE SUPERIOR**
24  MARSHALL BANK, N.A., a national )  **COURT OF CALIFORNIA FOR**
   banking association; THE MARSHALL )  **THE COUNTY OF RIVERSIDE**
25  GROUP, INC., a Minnesota corporation, )
   MARSHALL BANKFIRST             )  **[EXHIBIT "1" - VOLUME 1 OF 5**
26  CORPORATION, a Minnesota banking )  **FILED CONCURRENTLY**
   corporation, NARA BANK NATIONAL )  **HEREWITH]**
27  ASSOCIATION, a nationally chartered )
   banking corporation, GOLD SECURITY )  [12 U.S.C. § 1819(b)(2)(B)]

28

                                              NOTICE OF REMOVAL

| | |
|---|---|
| 1 | BANK, FIRST PRIVATE BANK & ) |
| | TRUST, SAIGON NATIONAL BANK, ) |
| 2 | COMMUNITY BUSINESS BANK, ) |
| 3 | TWELVE OAKS PARTNERS, LLC, A ) |
| | California Limited Liability Company, ) |
| 4 | STATEWIDE RECONVEYANCE ) |
| | GROUP, INC., DBA STATEWIDE ) |
| 5 | FORECLOSURE SERVICES, a ) |
| 6 | California corporation, MB-BONA, ) |
| | LLC, a Minnesota limited liability ) |
| 7 | company, MARSHALL FINANCIAL ) |
| | GROUP, LLC, a Delaware limited ) |
| 8 | liability company, and DOES 1 through ) |
| 9 | 100, inclusive, ) |

1    BANK, FIRST PRIVATE BANK &           )
2    TRUST, SAIGON NATIONAL BANK,          )
     COMMUNITY BUSINESS BANK,              )
3    TWELVE OAKS PARTNERS, LLC, A          )
     California Limited Liability Company,  )
4    STATEWIDE RECONVEYANCE               )
     GROUP, INC., DBA STATEWIDE            )
5    FORECLOSURE SERVICES, a               )
6    California corporation, MB-BONA,       )
     LLC, a Minnesota limited liability     )
7    company, MARSHALL FINANCIAL           )
     GROUP, LLC, a Delaware limited         )
8    liability company, and DOES 1 through  )
9    100, inclusive,                        )

10              Defendants.                 )
                                            )
11                                          )
                                            )
12   _____)
                                            )
13   TWELVE OAKS PARTNERS, LLC, a          )
     California limited liability company;   )
14                                          )
                 Cross-Complainant,         )
15                                          )
16          v.                              )
                                            )
17   MARSHALL BANK, N.A., a national        )
     bank; THE MARSHALL GROUP, INC.,        )
18   a Minnesota corporation; MARSHALL      )
     BANKFIRST CORPORATION, a              )
19   Minnesota banking corporation; NARA    )
20   BANK NATIONAL ASSOCIATION, a           )
     nationally chartered banking corporation; )
21   GOLDEN SECURITY BANK; FIRST           )
     PRIVATE BANK & TRUST; SAIGON           )
22   NATIONAL BANK; COMMUNITY              )
23   BUSINESS BANK; INTEGRATED             )
     FINANCIAL ASSOCIATES, INC., a          )
24   Nevada corporation; STATEWIDE          )
     RECONVEYANCE GROUP, INC.,              )
25   DBA STATEWIDE FORECLOSURE             )
     SERVICES, a California corporation;     )
26   ALL PERSONS UNKNOWN,                   )
     CLAIMING ANY LEGAL OR                  )
27   EQUITABLE RIGHT, TITLE, ESTATE,)
28   LIEN OR INTEREST IN THE                )

NOTICE OF REMOVAL

1 | PROPERTY DESCRIBED IN THE )
2 | COMPLAINT ADVERSE TO )
   | PLAINTIFF'S TITLE, OR ANY )
3 | CLOUD ON PLAINTIFF'S TITLE )
   | THERETO and ROES 1 through 65, )
4 | inclusive, )
   | )
5 |        Cross-Defendants. )
   | )
6 | )

NOTICE OF REMOVAL

1    **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

2    **DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR**

3    **RESPECTIVE COUNSEL OF RECORD:**

4         **PLEASE TAKE NOTICE** that Defendant and Cross-Defendant Federal

5    Deposit Insurance Corporation ("FDIC"), as Receiver for defendant/cross-

6    defendant Marshall Bank, N.A. ("Marshall Bank"), hereby files this notice of

7    removal pursuant to 12 U.S.C. § 1819(b)(2)(B), asserting original federal

8    jurisdiction under 12 U.S.C. § 1819(b)(2)(A), to effect the removal of the above-

9    captioned action and related cross complaint, which was commenced in the

10   Superior Court of the State of California in and for the County of Riverside, and

11   states that the removal is proper for the following reasons:

12                              **BACKGROUND**

13        1.    Integrated Financial Associates, Inc. ("IFA") filed the present action

14   on August 3, 2009, and a Verified First Amended Complaint ("VFAC") on August

15   5, 2009, alleging various fraud causes of action and claims for constructive trust

16   and quiet title against Marshall Bank and other third parties.  A Verified Second

17   Amended Complaint, asserting claims for breach of contract, fraud, and wrongful

18   foreclosure against Marshall Bank and other third parties, was filed on February 1,

19   2010.

20        2.    On November 23, 2009, Twelve Oaks Partners, LLC ("Twelve Oaks")

21   filed a Verified Cross-Complaint for wrongful foreclosure; quiet title; cancellation

22   of the Trustee's Deed Upon Sale; and equitable indemnity against Marshall Bank

23   and other third parties.

24        3.    On January 29, 2010, the Office of the Comptroller of the Currency

25   ("OCC") appointed the FDIC as Receiver for defendant/cross-defendant Marshall

26   Bank.  (Receivership Determination and Appointment of Receiver, Ex. 1 to

27   Declaration of Eric R. McDonough ("McDonough Decl.").

28

NOTICE OF REMOVAL

1      4.    That same date, the FDIC accepted its appointment as Receiver of

2  Marshall Bank.  (Acceptance by FDIC, attached as Ex. 2 to McDonough Decl.).

3  **JURISDICTION; APPROPRIATENESS AND TIMELINESS OF**

4  **REMOVAL**

5

6      5.    Federal jurisdiction exists pursuant to the Financial Institutions

7  Reform, Recovery, and Enforcement Act of 1989, Pub. L. 101-73, 103 Stat. 183

8  (1989) (the "Act"), codified at various sections of Title 12 and Title 15.  The Act

9  provides, in relevant part, that: "[] all suits of a civil nature at common law or in

10  equity to which the [FDIC], in any capacity, is a party shall be deemed to arise

11  under the laws of the United States."  12 U.S.C. § 1819(b)(2)(A).

12      6.    The Act also provides for the removal of an action "from a State court

13  to the appropriate United States district court before the end of the 90-day period

14  beginning on the date…the [FDIC] is substituted as a party."  12 U.S.C. §

15  1819(b)(2)(B).

16      7.    Here, the FDIC was appointed receiver of defendant/cross-defendant

17  Marshall Bank on January 29, 2010.  The FDIC as Receiver was substituted as a

18  party to the action on February 9, 2010, pursuant to an *ex parte* application and

19  order.  (Exhibit 3 to McDonough Decl.).  The FDIC as Receiver's removal of this

20  action was timely and proper.  12 U.S.C. § 1819(b)(2)(A) and (B); *Kirkbride v.*

21  *Continental Cas. Co.,* 933 F.2d 729, 731-732 (9th Cir. 1991) (affirming that cases

22  involving the FDIC should generally be heard and decided by the federal courts).

23  **NO EXCEPTION TO THIS COURT'S JURISDICTION OR REMOVAL TO**

24  **THIS COURT APPLIES**

25

26      8.    The Act exempts cases from the jurisdiction of, and removal to,

27  district court, when all of the following are present: (1) the FDIC, in its capacity as

28  receiver of a State insured depository institution <u>by the exclusive appointment by</u>

2

1    State authorities, is a party other than as a plaintiff; (2) the action involves only the

2    preclosing rights against the State insured depository institution, or obligations

3    owing to, depositors, creditors, or stockholders by the State insured depository

4    institution; and (3) only the interpretation of the law of such State is necessary. 12

5    U.S.C. § 1819(b)(2)(A), (B) and (D).

6         9.    The exception to the Act does not apply here because the FDIC was

7    not appointed receiver of Marshall Bank by a state authority. 12 U.S.C. §

8    1819(b)(2)(D)(i). Because Marshall Bank is a national banking association, the

9    FDIC was appointed receiver of Marshall Bank by the OCC. (Receivership

10   Determination and Appointment of Receiver, p. 2 at Ex. 1 to McDonough Decl.);

11   12 U.S.C. §§ 191 and 1821(c)(2)(ii). The OCC is not a state authority; it is a

12   bureau of the United States Treasury Department that charters, regulates and

13   supervises all national banks. 12 U.S.C. §§ 1 *et seq.* (*see e.g.* http://www.occ.gov).

14                                        **VENUE**

15        10.   Venue lies in the United States District Court, Central District of

16   California, pursuant to 12 U.S.C. § 1819(b)(2)(B). This action originally was

17   brought in the Superior Court of the State of California, County of Riverside. The

18   real property upon which IFA and defendant/cross-complainant Twelve Oaks seek

19   to set aside the foreclosure sale is located in the County of Riverside, and many of

20   the claims giving rise to the action occurred in the County of Riverside.

21        11.   The Eastern Division of the Central District of California is the

22   appropriate division pursuant to General Order Nos. 02-08 and 98-03 for the same

23   reasons venue is proper.

24                                **NOTICE OF REMOVAL**

25        12.   This Notice of Removal will be promptly served on all parties to the

26   action and filed with the Clerk of the Superior Court of the State of California in

27   and for the County of Riverside.

28

                                              3

1      13.    In compliance with 28 U.S.C. Section 1446(a), true and correct copies

2   of all process, pleadings, and orders served on Marshall Bank in this action are

3   submitted concurrently with this Notice of Removal and attached collectively

4   hereto as Exhibit 1.

5      WHEREFORE, FDIC as Receiver prays that this civil action be removed

6   from the Superior Court of the State of California, County of Riverside to the

7   United States District Court for the Central District of California.

8   DATED: February _9_, 2010          SEYFARTH SHAW LLP

9

10

11  By _____

12          Eric R. McDonough
            Attorneys for Defendants and Cross-
            Defendants
13          FEDERAL DEPOSIT INSURANCE
            CORPORATION, as Receiver for
14          MARSHALL BANK, N.A.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

12095254v.1                                    NOTICE OF REMOVAL1

7

(SPACE BELOW FOR FILING STAMP ONLY)

1  THE SALL LAW FIRM
   A PROFESSIONAL CORPORATION
2  ROBERT K. SALL (SBN 83782)
   BRANDON N. KRUEGER (SBN 221432)
3  32351 COAST HIGHWAY
   LAGUNA BEACH, CALIFORNIA 92651-6703
4  PHONE: (949) 499-2942
   FAX: (949) 499-7403
5
6  Attorneys for Plaintiff, Integrated Financial Associates, Inc.

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

SEP 18 2009

A. Sanchez

7

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        FOR THE COUNTY OF RIVERSIDE

11

12  INTEGRATED FINANCIAL                CASE NO. RIC532644
    ASSOCIATES, INC., a Nevada
13  corporation,                        [Assigned for all purposes to Honorable Mac
                          Plaintiff,    R. Fisher in Department 06]
14         v.
15  MARSHALL BANK, N.A., a national
    banking association; THE MARSHALL   **PROOF OF SERVICE**
16  GROUP, INC., a Minnesota corporation,
    MARSHALL BANKFIRST
17  CORPORATION, a Minnesota banking
    corporation,  NARA BANK NATIONAL
18  ASSOCIATION, a nationally chartered
    banking corporation,  GOLDEN
19  SECURITY BANK, FIRST PRIVATE
    BANK & TRUST,  SAIGON NATIONAL
20  BANK, COMMUNITY BUSINESS
    BANK,  TWELVE OAKS PARTNERS,
21  LLC, A California Limited Liability
    Company, STATEWIDE
22  RECONVEYANCE GROUP, INC., DBA
    STATEWIDE FORECLOSURE
23  SERVICES, a California corporation, ALL
    PERSONS UNKNOWN, CLAIMING
24  ANY LEGAL OR EQUITABLE RIGHT,
    TITLE, ESTATE, LIEN OR INTEREST
25  IN THE PROPERTY DESCRIBED IN
    THE COMPLAINT ADVERSE TO
26  PLAINTIFF'S TITLE, OR ANY CLOUD
    ON PLAINTIFF'S TITLE THERETO and
27  DOES 1 through 100, inclusive,
                         Defendants.
28

---

- 1 -

**PROOF OF SERVICE**

# AFFIDAVIT OF SERVICE

STATE OF MINNESOTA )
                     ) ss
COUNTY OF RAMSEY   )               Court File No. RIC532644 _____


Timothy L. Wolter, being duly sworn, on oath says: that on the 1st day of September, 2009 at 3:38 PM he served the attached Summons on First Amended Complaint; Verified First Amended Complaint; Civil Case Cover Sheet; Certificate of Counsel; Notice of Related Case; Lis Pendens; Notice of Assignment to Department; Notice of Case Management Conference; Notice of Civil Case Management Rules; Alternative Dispute Resolution Package. upon Marshall BankFirst Corporation, a Minnesota banking corporation, c/o National Registered Agents, Inc., therein named, personally at 590 Park Street, Suite 6, St. Paul, County of Ramsey, State of Minnesota, by handing to and leaving with Sarah Edgett, Service Representative, agent authorized to accept service, a true and correct copy thereof.


Subscribed and sworn to before me
this 3rd day of September, 2009.

_____
Notary Public

CARRIE LYNN M. VEITCH
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN. 31, 2010

(SPACE BELOW FOR FILING STAMP ONLY)

1  THE SALL LAW FIRM
   A PROFESSIONAL CORPORATION
2  ROBERT K. SALL (SBN 83782)
   BRANDON N. KRUEGER (SBN 221432)
3  32351 COAST HIGHWAY
   LAGUNA BEACH, CALIFORNIA 92651-6703
4  PHONE: (949) 499-2942
   FAX: (949) 499-7403
5

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

SEP 18 2009

A. Sanchez

6  Attorneys for Plaintiff, Integrated Financial Associates, Inc.

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF RIVERSIDE

11

12  INTEGRATED FINANCIAL              CASE NO. RIC532644
    ASSOCIATES, INC., a Nevada
13  corporation,                      [Assigned for all purposes to Honorable Mac
                        Plaintiff,    R. Fisher in Department 06]
14           v.
    MARSHALL BANK, N.A., a national
15  banking association; THE MARSHALL
    GROUP, INC., a Minnesota corporation,
16  MARSHALL BANKFIRST               **PROOF OF SERVICE**
    CORPORATION, a Minnesota banking
17  corporation, NARA BANK NATIONAL
    ASSOCIATION, a nationally chartered
18  banking corporation, GOLDEN
    SECURITY BANK, FIRST PRIVATE
19  BANK & TRUST, SAIGON NATIONAL
    BANK, COMMUNITY BUSINESS
20  BANK, TWELVE OAKS PARTNERS,
    LLC, A California Limited Liability
21  Company, STATEWIDE
    RECONVEYANCE GROUP, INC., DBA
22  STATEWIDE FORECLOSURE
    SERVICES, a California corporation, ALL
23  PERSONS UNKNOWN, CLAIMING
    ANY LEGAL OR EQUITABLE RIGHT,
24  TITLE, ESTATE, LIEN OR INTEREST
    IN THE PROPERTY DESCRIBED IN
25  THE COMPLAINT ADVERSE TO
    PLAINTIFF'S TITLE, OR ANY CLOUD
26  ON PLAINTIFF'S TITLE THERETO and
    DOES 1 through 100, inclusive,
27                        Defendants.

28

- 1 -

**PROOF OF SERVICE**

# AFFIDAVIT OF SERVICE

STATE OF MINNESOTA  )
                          ) ss
COUNTY OF RAMSEY  )                  Court File No. <u>RIC532644</u>

Timothy L. Wolter, being duly sworn, on oath says: that on the 1st day of September, 2009 at 3:38 PM he served the attached Summons on First Amended Complaint; Verified First Amended Complaint; Civil Case Cover Sheet; Certificate of Counsel; Notice of Related Case; Lis Pendens; Notice of Assignment to Department; Notice of Case Management Conference; Notice of Civil Case Management Rules; Alternative Dispute Resolution Package. upon <u>Marshall Bank, N.A., a national banking association, c/o National Registered Agents, Inc.</u>, therein named, personally at 590 Park Street, Suite 6, St. Paul, County of Ramsey, State of Minnesota, by handing to and leaving with Sarah Edgett, Service Representative, agent authorized to accept service, a true and correct copy thereof.

Subscribed and sworn to before me
this <u>3rd</u> day of <u>September, 2009</u>.

Notary Public

> CARRIE LYNN M. VEITCH
> NOTARY PUBLIC - MINNESOTA
> MY COMMISSION
> EXPIRES JAN. 31, 2010

(SPACE BELOW FOR FILING STAMP ONLY)

1   THE SALL LAW FIRM
    A PROFESSIONAL CORPORATION
2   ROBERT K. SALL (SBN 83782)
    BRANDON N. KRUEGER (SBN 221432)
3   32351 COAST HIGHWAY
    LAGUNA BEACH, CALIFORNIA 92651-6703
4   PHONE: (949) 499-2942
    FAX: (949) 499-7403
5

6   Attorneys for Plaintiff, Integrated Financial Associates, Inc.

```
          F I L E D
SUPERIOR COURT OF CALIFORNIA
     COUNTY OF RIVERSIDE

       SEP 18 2009

       A. Sanchez
```

7

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          FOR THE COUNTY OF RIVERSIDE

11

12   INTEGRATED FINANCIAL                    CASE NO. RIC532644
     ASSOCIATES, INC., a Nevada
13   corporation,                            [Assigned for all purposes to Honorable Mac
                          Plaintiff,          R. Fisher in Department 06]
14            v.
     MARSHALL BANK, N.A., a national
15   banking association; THE MARSHALL
     GROUP, INC., a Minnesota corporation,
16   MARSHALL BANKFIRST                       **PROOF OF SERVICE**
     CORPORATION, a Minnesota banking
17   corporation,  NARA BANK NATIONAL
     ASSOCIATION, a nationally chartered
18   banking corporation,  GOLDEN
     SECURITY BANK, FIRST PRIVATE
19   BANK & TRUST,  SAIGON NATIONAL
     BANK, COMMUNITY BUSINESS
20   BANK,  TWELVE OAKS PARTNERS,
     LLC, A California Limited Liability
21   Company, STATEWIDE
     RECONVEYANCE GROUP, INC., DBA
22   STATEWIDE FORECLOSURE
     SERVICES, a California corporation, ALL
23   PERSONS UNKNOWN, CLAIMING
     ANY LEGAL OR EQUITABLE RIGHT,
24   TITLE, ESTATE, LIEN OR INTEREST
     IN THE PROPERTY DESCRIBED IN
25   THE COMPLAINT ADVERSE TO
     PLAINTIFF'S TITLE, OR ANY CLOUD
26   ON PLAINTIFF'S TITLE THERETO and
     DOES 1 through 100, inclusive,
27                         Defendants.

28

---
- 1 -
PROOF OF SERVICE

# AFFIDAVIT OF SERVICE

STATE OF MINNESOTA )
                         ) ss
COUNTY OF RAMSEY   )                Court File No. RIC532644

Timothy L. Wolter, being duly sworn, on oath says: that on the 1st day of September, 2009 at 3:38 PM he served the attached Summons on First Amended Complaint; Verified First Amended Complaint; Civil Case Cover Sheet; Certificate of Counsel; Notice of Related Case; Lis Pendens; Notice of Assignment to Department; Notice of Case Management Conference; Notice of Civil Case Management Rules; Alternative Dispute Resolution Package. upon The Marshall Group, Inc., a Minnesota corporation, c/o National Registered Agents, Inc., therein named, personally at 590 Park Street, Suite 6, St. Paul, County of Ramsey, State of Minnesota, by handing to and leaving with Sarah Edgett, Service Representative, agent authorized to accept service, a true and correct copy thereof.

Subscribed and sworn to before me
this 3rd day of September, 2009.

Notary Public

CARRIE LYNN M. VEITCH
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN. 31, 2 0 1 0

Client / Matter #: 1054-001

6

*Pleading & Integrated*

**POS-015**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Brandon N. Krueger (SBN 221432)<br>The Sall Law Firm<br>32351 Coast Highway, Laguna Beach, CA 92651<br>TELEPHONE NO.: (949) 499-2942   FAX NO. *(Optional):* (949) 499-7403<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, Integrated Financial Associates, Inc. | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: P.O. Box 431
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Courthouse

PLAINTIFF/PETITIONER: Integrated Financial Associates, Inc.

DEFENDANT/RESPONDENT: Marshall Bank, N.A., et al.

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>RIC532644 |

TO *(insert name of party being served):* MARSHALL BANK, N.A., a national banking association

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 10, 2009

_____
Robert K. Sall, Esq.
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐   A copy of the summons and of the complaint.
2. ☑   Other *(specify):*
   A copy of the following: Summons on First Amended Complaint, First Amended Complaint, Civil Case Cover Sheet, Certificate of Counsel, Notice of Related Case, Lis Pendens, Notice of Assignment to Department, Notice of Case Management Conference, ADR Information Package, Civil Case Management Rules Sheet

*(To be completed by recipient):*

Date this form is signed: August ____, 2009

_____      ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,         (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                  ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

www.accesslaw.com

POS-015

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Brandon N. Krueger (SBN 221432)
The Sall Law Firm
32351 Coast Highway, Laguna Beach, CA 92651
TELEPHONE NO.: (949) 499-2942       FAX NO. *(Optional):* (949) 499-7403
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff, Integrated Financial Associates, Inc.

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: P.O. Box 431
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Courthouse

PLAINTIFF/PETITIONER:  Integrated Financial Associates, Inc.

DEFENDANT/RESPONDENT: Marshall Bank, N.A., et al.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: RIC532644 |
|---|---|

TO *(insert name of party being served):* MARSHALL BANK, N.A., a national banking association

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 10, 2009

Robert K. Sall, Esq.
(TYPE OR PRINT NAME)                (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*
   A copy of the following: Summons on First Amended Complaint, First Amended Complaint, Civil Case Cover Sheet, Certificate of Counsel, Notice of Related Case, Lis Pendens, Notice of Assignment to Department, Notice of Case Management Conference, ADR Information Package, Civil Case Management Rules Sheet

*(To be completed by recipient):*

Date this form is signed: August ___, 2009

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

www.accesslaw.com

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Brandon N. Krueger (SBN 221432)<br>The Sall Law Firm<br>32351 Coast Highway, Laguna Beach, CA 92651<br>TELEPHONE NO.: (949) 499-2942   FAX NO. *(Optional)*: (949) 499-7403<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff, Integrated Financial Associates, Inc. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: P.O. Box 431
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Courthouse

PLAINTIFF/PETITIONER:  Integrated Financial Associates, Inc.

DEFENDANT/RESPONDENT: Marshall Bank, N.A., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RIC532644 |
|---|---|

TO *(insert name of party being served)*: THE MARSHALL GROUP, INC., a Minnesota corporation

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 10, 2009

Robert K. Sall, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☐ A copy of the summons and of the complaint.
2. ☑ Other *(specify)*:
   A copy of the following: Summons on First Amended Complaint, First Amended Complaint, Civil Case Cover Sheet, Certificate of Counsel, Notice of Related Case, Lis Pendens, Notice of Assignment to Department, Notice of Case Management Conference, ADR Information Package, Civil Case Management Rules Sheet

*(To be completed by recipient)*:

Date this form is signed: August ___, 2009

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

*www.accesslaw.com*

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Brandon N. Krueger (SBN 221432)<br>The Sall Law Firm<br>32351 Coast Highway, Laguna Beach, CA 92651<br><br>TELEPHONE NO.: **(949) 499-2942**  FAX NO. *(Optional):* **(949) 499-7403**<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* **Plaintiff, Integrated Financial Associates, Inc.** | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
 STREET ADDRESS: 4050 Main Street
 MAILING ADDRESS: P.O. Box 431
 CITY AND ZIP CODE: Riverside, CA 92501
 BRANCH NAME: Riverside Courthouse

PLAINTIFF/PETITIONER:   Integrated Financial Associates, Inc.

DEFENDANT/RESPONDENT: Marshall Bank, N.A., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RIC532644 |
|---|---|

TO *(insert name of party being served):* THE MARSHALL GROUP, INC., a Minnesota corporation

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 10, 2009

Robert K. Sall, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐   A copy of the summons and of the complaint.
2. ☑   Other *(specify):*
   A copy of the following: Summons on First Amended Complaint, First Amended Complaint, Civil Case Cover Sheet, Certificate of Counsel, Notice of Related Case, Lis Pendens, Notice of Assignment to Department, Notice of Case Management Conference, ADR Information Package, Civil Case Management Rules Sheet

*(To be completed by recipient):*

Date this form is signed: August ____, 2009

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| _ Brandon N. Krueger (SBN 221432)<br>The Sall Law Firm<br>32351 Coast Highway, Laguna Beach, CA 92651<br><br>TELEPHONE NO.: **(949) 499-2942**   FAX NO. *(Optional):* **(949) 499-7403**<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* **Plaintiff, Integrated Financial Associates, Inc.** | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside
STREET ADDRESS: **4050 Main Street**
MAILING ADDRESS: **P.O. Box 431**
CITY AND ZIP CODE: **Riverside, CA 92501**
BRANCH NAME: **Riverside Courthouse**

PLAINTIFF/PETITIONER:   Integrated Financial Associates, Inc.

DEFENDANT/RESPONDENT: Marshall Bank, N.A., et al.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>RIC532644 |
|---|---|

TO *(insert name of party being served):* <u>MARSHALL BANKFIRST CORPORATION, a Minnesota banking corporation</u>

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: August 10, 2009

Robert K. Sall, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐  A copy of the summons and of the complaint.
2. ☑  Other *(specify):*
    A copy of the following: Summons on First Amended Complaint, First Amended Complaint, Civil Case Cover Sheet, Certificate of Counsel, Notice of Related Case, Lis Pendens, Notice of Assignment to Department, Notice of Case Management Conference, ADR Information Package, Civil Case Management Rules Sheet

*(To be completed by recipient):*

Date this form is signed: August ___, 2009

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

*www.accesslaw.com*

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*):<br>Brandon N. Krueger (SBN 221432)<br>The Sall Law Firm<br>32351 Coast Highway, Laguna Beach, CA 92651<br>   TELEPHONE NO.: (949) 499-2942    FAX NO. (*Optional*): (949) 499-7403<br>E-MAIL ADDRESS (*Optional*):<br>ATTORNEY FOR (*Name*): Plaintiff, Integrated Financial Associates, Inc. | *FOR COURT USE ONLY* |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside<br>   STREET ADDRESS: 4050 Main Street<br>   MAILING ADDRESS: P.O. Box 431<br>   CITY AND ZIP CODE: Riverside, CA 92501<br>   BRANCH NAME: Riverside Courthouse |

| |
|---|
| PLAINTIFF/PETITIONER:  Integrated Financial Associates, Inc. |
| DEFENDANT/RESPONDENT: Marshall Bank, N.A., et al. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>RIC532644 |

TO (*insert name of party being served*): MARSHALL BANKFIRST CORPORATION, a Minnesota banking corporation

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: August 10, 2009

Robert K. Sall, Esq.
_____
(TYPE OR PRINT NAME)

► *[signature]*

_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (*to be completed by sender before mailing*):

1. ☐   A copy of the summons and of the complaint.
2. ☑   Other (*specify*):
    A copy of the following: Summons on First Amended Complaint, First Amended Complaint, Civil Case Cover Sheet, Certificate of Counsel, Notice of Related Case, Lis Pendens, Notice of Assignment to Department, Notice of Case Management Conference, ADR Information Package, Civil Case Management Rules Sheet

(*To be completed by recipient*):

Date this form is signed: August ____, 2009

► 

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>*www.courtinfo.ca.gov* |

*www.accesslaw.com*



UNITED STATES POSTAGE
PITNEY BOWES
02 1P        $ 000.44⁰
0002147072  AUG 10 2009
MAILED FROM ZIP CODE 92651

## THE SALL LAW FIRM

A PROFESSIONAL CORPORATION

32351 COAST HIGHWAY

LAGUNA BEACH, CALIFORNIA 92651-6703

5

4\7\09

(SPACE BELOW FOR FILING STAMP ONLY)

1  THE SALL LAW FIRM
   A PROFESSIONAL CORPORATION
2  ROBERT K. SALL (SBN 83782)
   BRANDON N. KRUEGER (SBN 221432)
3  32351 COAST HIGHWAY
   LAGUNA BEACH, CALIFORNIA 92651-6703
4  PHONE: (949) 499-2942
   FAX: (949) 499-7403
5

6  Attorneys for Plaintiff, Integrated Financial Associates, Inc.

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF RIVERSIDE

10

11

12  INTEGRATED FINANCIAL            CASE NO. RIC532644
    ASSOCIATES, INC., a Nevada
13  corporation,                    [Assigned for all purposes to Honorable Mac
                     Plaintiff,     R. Fisher in Department 06]
14
       v.
15  MARSHALL BANK, N.A., a national  NOTICE OF CASE MANAGEMENT
    banking association; THE MARSHALL  CONFERENCE
16  GROUP, INC., a Minnesota corporation,
    MARSHALL BANKFIRST             Date:        February 1, 2010
17  CORPORATION, a Minnesota banking  Time:        8:30 a.m.
    corporation, NARA BANK NATIONAL  Dept.:       6
18  ASSOCIATION, a nationally chartered
    banking corporation, GOLDEN
19  SECURITY BANK, FIRST PRIVATE
    BANK & TRUST, SAIGON NATIONAL
20  BANK, COMMUNITY BUSINESS
    BANK, TWELVE OAKS PARTNERS,
21  LLC, A California Limited Liability
    Company, STATEWIDE
22  RECONVEYANCE GROUP, INC., DBA
    STATEWIDE FORECLOSURE
23  SERVICES, a California corporation, ALL
    PERSONS UNKNOWN, CLAIMING
24  ANY LEGAL OR EQUITABLE RIGHT,
    TITLE, ESTATE, LIEN OR INTEREST
25  IN THE PROPERTY DESCRIBED IN
    THE COMPLAINT ADVERSE TO
26  PLAINTIFF'S TITLE, OR ANY CLOUD
    ON PLAINTIFF'S TITLE THERETO and
27  DOES 1 through 100, inclusive,
                     Defendants.
28

                              - 1 -

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that pursuant to a Notice of Case Assignment, the Court has set a Case Management Conference in the above-captioned matter on February 1, 2010 at 8:30 a.m. in Department 6.

A copy of the Notice of Case Assignment is attached hereto as Exhibit "A" for further particulars.

Dated: August 6, 2009                    THE SALL LAW FIRM
                                         A Professional Corporation


                                         By: _____
                                         ROBERT K. SALL
                                         Attorneys for Plaintiff

# EXHIBIT A

AUG-03-2009 11:45AM   FAX:          ID:THE SALL LAW FIRM          PAGE:004  R=92%

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

INTEGRATED FINANCIAL ASSOCIATES VS MARSHALL BANK

CASE NO. RIC 532644

This case is assigned to the Honorable Judge Mac R. Fisher
in Department 06 as the case management department.
The Case Management Conference is scheduled for 02/01/10
at  8:30 in Department 06.

The plaintiff/cross-complainant shall serve a copy of this
notice to all defendants/cross-defendants named or added to
the complaint and file a proof of service.

Any disqualification pursuant to CCP Section 170.6(2) shall be
filed in accordance with that section.

CLERK'S CERTIFICATE OF MAILING

I, Clerk of the Superior Court, County of Riverside, certify that
I am not a party to this action; that on this date, I served a
copy of the foregoing notice by depositing said copy (in a sealed
envelope with prepaid postage) in the mail at _____, CA
addressed as indicated.

Date:  08/03/09          By:_____
                            LAUREN N GORDON, Deputy Clerk

TDACMC

## PROOF OF SERVICE BY ALL OPTIONS
CCP 1013, 1013(A) [Rvsd. 01-01-03] - CRC 1.21(c) [Rvsd.01-01-07]

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 32351 Coast Highway, Laguna Beach, California 92651-6703.

On **August 7, 2009**, I served the foregoing document described as **NOTICE OF CASE MANAGEMENT CONFERENCE** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

### SEE ATTACHED SERVICE LIST

**[X] By Mail,** I deposited such envelope(s) in the mail at Laguna Beach, California, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Laguna Beach, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit. (C.C.P. §1013(a)).

[ ] By Personal Service, I caused such envelope(s) to be delivered by hand to the offices of the addressee(s)above. (C.C.P. §1011(a)(b)).

[ ] By Electronic Mail (email), I transmitted, without error, such documents from Laguna Beach, California, to the email addressee(s) above. (CRC Rule 2.260(f).

[ ] By Facsimile, I transmitted such documents by sending a true copy of the above document to the parties as set forth on the service list at the fax numbers indicated. The facsimile machine used complied with CRC Rule 2003(3), and the transmission was reported as complete and without error. Pursuant to CRC Rule 2005(i), a transmission confirmation report was properly issued by the transmitting facsimile machine, stating the time and date of such transmission. (C.C.P. §1013(e)(f))

[ ] By Federal Express Overnight Delivery, I caused such envelope to be delivered to the Federal Express delivery box. (C.C.P. §1013(c)(d))

**[X] (State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ] (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on **August 7, 2009**, at Laguna Beach, California.

Julia V. Bernaldo

## SERVICE LIST

Gary A. Waldron, Esq.
WALDRON & BRAGG, LLP
23 Corporate Plaza Dr., #200
Newport Beach, CA 92660

Attorneys for Twelve Oaks Partners,
LLC and Randall Blanchard

Lawrence E. Butler, Esq.
SEYFARTH SHAW, LLP
560 Mission Street, Suite 3100
San Francisco, California  94105

Attorneys for Defendants Marshall
Bank, N.A., a national banking
association; The Marshall Group, Inc., a
Minnesota corporation, Marshall
BankFirst Corporation, a Minnesota
banking corporation

Eric R. McDonough, Esq.
SEYFARTH SHAW, LLP
2029 Century Park East, Suite 3500
Los Angeles, California  90067

Attorneys for Defendants Marshall
Bank, N.A., a national banking
association; The Marshall Group, Inc., a
Minnesota corporation, Marshall
BankFirst Corporation, a Minnesota
banking corporation

Mr. Bill Guleserian, President
GOLDEN SECURITY BANK
2112 Walnut Grove Ave
Rosemead, California  91770-3768

Mr. Bill Lu, President
SAIGON NATIONAL BANK
15606 Brookhurst Street, Suite C
Westminster, California 92683-7582

Mr. Charlie Jackson, C.E.O. and President
FIRST PRIVATE BANK & TRUST
Executive Offices
16000 Ventura Boulevard
Encino, California  91436

Mr. Scott Meyer, General Manager
COMMUNITY BUSINESS BANK
1540 West Kettleman Lane
Suite A
Lodi, California  95242-9291

Attn: President
NARA BANK
California Corporate Headquarters
3731 Wilshire Boulevard
Suite 1000
Los Angeles, California  90010

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

INTEGRATED FINANCIAL ASSOCIATES VS MARSHALL BANK

CASE NO. RIC 532644

This case is assigned to the Honorable Judge Mac R. Fisher
in Department 06 as the case management department.
The Case Management Conference is scheduled for 02/01/10
at  8:30 in Department 06.

The plaintiff/cross-complainant shall serve a copy of this
notice to all defendants/cross-defendants named or added to
the complaint and file a proof of service.

Any disqualification pursuant to CCP Section 170.6(2) shall be
filed in accordance with that section.

CLERK'S CERTIFICATE OF MAILING

I, Clerk of the Superior Court, County of Riverside, certify that
I am not a party to this action; that on this date, I served a
copy of the foregoing notice by depositing said copy (in a sealed
envelope with prepaid postage) in the mail at _____, CA
addressed as indicated.

Date:  08/03/09                By: _____
                                   LAUREN M GORDON, Deputy Clerk


TDACMC

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF RIVERSIDE



NOTICE OF CIVIL CASE MANAGEMENT RULES

SERVICE:   Unless otherwise permitted by the court, the plaintiff must serve each defendant with the complaint and a copy of this Notice of Civil Case Management Rules, the Notice of Assignment and the Alternative dispute resolution (ADR packet).   The plaintiff must file proof of service within 60 days of the filing of the complaint.   If the complaint is amended to add a new defendant the plaintiff must serve the defendant (as described above) and subsequently file proof of service within 30 days of the filing of the amended complaint.

Upon the filing of a cross-complaint the cross-complainant must serve each new party with the cross-complaint and a copy of this Notice of Civil Case Management Rules, Notice of Assignment, and the Alternative Dispute Resolution (ADR) packet.   The cross-complainant must file proof of service within 30 days of the filing of the cross-complaint. If a party has previously appeared in the action, a proof of service must accompany the cross-complaint at the time of filing.

DEFAULT:   If a responsive pleading is not filed and served within the specified time, the plaintiff must file a Request for Entry of Default no later than 10 days after the responsive pleading was due.

CASE MANAGEMENT CONFERENCE:   Parties must meet and confer in person or by telephone, at least 30 days before the Case Management Conference.   No later than 15 days prior to the Case Management Conference, each party must file a Case Management Statement with the Court and serve it on all parties in the action.   Parties are encouraged to file a joint Case Management Statement, in lieu of each party filing a separate statement.   Parties must use the mandatory Case Management Statement (Judicial Council form CM-110).   Each party who has appeared in the action must be present at the Case Management Conference.

SANCTIONS:   The court may impose monetary sanctions if a party fails to comply with these requirements or any other state or local rules.

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

# You Don't Have to Sue

## Here are Some Other Ways



# To Resolve a Civil Dispute

## Introduction

Did you know that most civil lawsuits settle without a trial?

In addition, did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are Mediation, Arbitration, and Settlement Conferences  There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- ADR can be speedier. A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- ADR can save money.  Court costs, attorney fees, and expert fees can be saved.
- ADR can permit more participation.  The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.
- ADR can be flexible.  The parties can choose the ADR process that is best for them.  For example, in mediation the parties may decide how to resolve their dispute.
- ADR can be cooperative.  This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.
- ADR can reduce stress.  There are fewer, if any court appearances.  In addition, because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves.  The parties don't have a lawsuit hanging over their heads for years.
- ADR can be more satisfying.  For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit.  Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly.  ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

- ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California State Courts and discusses when each may be right for a dispute.

- ## Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some

other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- Arbitration

In Arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal, much speedier, and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by

an arbitrator than by a judge.   Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medcal reports and bills and business records), rather than by testimony.

There are two kinds of arbitration in California.  Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and, normally, is binding.  In most cases, "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision.  By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless the parties agree to be bound.  A party who does not like the award may file a request for trial with the court within a specified time.  However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial.  Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

## • Settlement Conferences

In a Settlement Conference a neutral, who conducts the conference, meets with both sides and confers with each, often separately, to attempt to get the parties to evaluate and re-evaluate their case so as to achieve a negotiated settlement.  Essentially, the neutral simply assists the parties to negotiate a resolution.   Settlement conferences may occur at any time in the

course of the dispute or litigation, and often are required as a case nears trial.

## Additional Information

There are several other types of ADR besides mediation and arbitration. Some of these are conciliation, case evaluation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering. Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge. You may wish to seek the advice of any attorney as to your legal rights and other matters relating to the dispute.

# Whom Do You Call?

To locate a dispute resolution program or neutral in our community:

California Department of Consumer Affairs
Consumer Information Center
Toll free, -800-952-5210

-or-

The Riverside County Bar Association   (Civil Cases, exclusive of Family Law Cases)
Dispute Resolution Program
4129 Main Street, Suite 100
Riverside, California 92501
909-682-1015

The Department of Community Action   (Small Claims Cases, Civil Cases
Dispute Resolution Program   Civil Harassment Cases)
2038 Iowa Ave., Suite B-102
Riverside, CA 92507

In addition, you may look in the telephone book or legal directory for organizations who provide private mediation/arbitration.

| | | | | |
|---|---|---|---|---|
| ☐ BANNING  135 E. Hays, Banning, CA 92220 | | ☐ MURRIETA  30755-D Auld Road, Murrieta, CA 92563 |
| ☐ BLYTHE  265 North Broadway, Blythe, CA 92225 | | ☐ RIVERSIDE  4050 Main St., Riverside, CA 92501 |
| ☐ HEMET  880 N. State St., Hemet, CA 92543 | | ☐ RIVERSIDE  4175 Main St., Riverside, CA 92501 |
| ☐ INDIO  46-200 Oasis St., Indio, CA 92201 | | ☐ TEMECULA  41002 County Center Dr., #100, Temecula, CA 92591 |

---

ATTORNEY OR PARTY WITHOUT ATTORNEY  *(Name, state bar number, and address)* :                    FOR COURT USE ONLY




TELEPHONE NO.:                    FAX NO.:

ATTORNEY FOR *(Name)* :

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

Street Address:

Mailing Address:

City and Zip Code:

Branch Name:

PLAINTIFF:


DEFENDANT:

| STIPULATION AND ORDER TO PARTICIPATE IN ARBITRATION | CASE NUMBER: |
|---|---|

---

CASE MANAGEMENT CONFERENCE DATE    (date):

The parties in the above entitled action hereby stipulate to participate in arbitration proceedings. Each party having full authority to resolve the dispute agrees to be adequately prepared to meaningfully participate in the arbitration process and will fully cooperate with the arbitrator in scheduling the arbitration hearing.

| NAME OF PARTY STIPULATING TO ARBITRATION | PRINT NAME OF PARTY OR ATTORNEY | SIGNATURE OF PARTY OR ATTORNEY |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Other: | | |

| NAME OF PARTY STIPULATING TO ARBITRATION | PRINT NAME OF PARTY OR ATTORNEY | SIGNATURE OF PARTY OR ATTORNEY |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Other: | | |

| NAME OF PARTY STIPULATING TO ARBITRATION | PRINT NAME OF PARTY OR ATTORNEY | SIGNATURE OF PARTY OR ATTORNEY |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Other: | | |

| NAME OF PARTY STIPULATING TO ARBITRATION | PRINT NAME OF PARTY OR ATTORNEY | SIGNATURE OF PARTY OR ATTORNEY |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Other: | | |

| NAME OF PARTY STIPULATING TO ARBITRATION | PRINT NAME OF PARTY OR ATTORNEY | SIGNATURE OF PARTY OR ATTORNEY |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Other: | | |

IT IS SO ORDERED:

Arbitration to be completed by (date):


Date: _____                    _____
                                                 JUDGE OF THE SUPERIOR COURT

---

STIPULATION TO PARTICIPATE IN ARBITRATION                    RI-041

| CASE NAME | CASE NUMBER |
|---|---|
|  |  |

NAME OF PARTY STIPULATING TO ARBITRATION
☐ Plaintiff    ☐ Defendant    ☐ Other: _____
PRINT NAME OF PARTY OR ATTORNEY
SIGNATURE OF PARTY OR ATTORNEY

NAME OF PARTY STIPULATING TO ARBITRATION
☐ Plaintiff    ☐ Defendant    ☐ Other: _____
PRINT NAME OF PARTY OR ATTORNEY
SIGNATURE OF PARTY OR ATTORNEY

NAME OF PARTY STIPULATING TO ARBITRATION
☐ Plaintiff    ☐ Defendant    ☐ Other: _____
PRINT NAME OF PARTY OR ATTORNEY
SIGNATURE OF PARTY OR ATTORNEY

NAME OF PARTY STIPULATING TO ARBITRATION
☐ Plaintiff    ☐ Defendant    ☐ Other: _____
PRINT NAME OF PARTY OR ATTORNEY
SIGNATURE OF PARTY OR ATTORNEY

NAME OF PARTY STIPULATING TO ARBITRATION
☐ Plaintiff    ☐ Defendant    ☐ Other: _____
PRINT NAME OF PARTY OR ATTORNEY
SIGNATURE OF PARTY OR ATTORNEY

NAME OF PARTY STIPULATING TO ARBITRATION
☐ Plaintiff    ☐ Defendant    ☐ Other: _____
PRINT NAME OF PARTY OR ATTORNEY
SIGNATURE OF PARTY OR ATTORNEY

NAME OF PARTY STIPULATING TO ARBITRATION
☐ Plaintiff    ☐ Defendant    ☐ Other: _____
PRINT NAME OF PARTY OR ATTORNEY
SIGNATURE OF PARTY OR ATTORNEY

NAME OF PARTY STIPULATING TO ARBITRATION
☐ Plaintiff    ☐ Defendant    ☐ Other: _____
PRINT NAME OF PARTY OR ATTORNEY
SIGNATURE OF PARTY OR ATTORNEY

NAME OF PARTY STIPULATING TO ARBITRATION
☐ Plaintiff    ☐ Defendant    ☐ Other: _____
PRINT NAME OF PARTY OR ATTORNEY
SIGNATURE OF PARTY OR ATTORNEY

NAME OF PARTY STIPULATING TO ARBITRATION
☐ Plaintiff    ☐ Defendant    ☐ Other: _____
PRINT NAME OF PARTY OR ATTORNEY
SIGNATURE OF PARTY OR ATTORNEY

NAME OF PARTY STIPULATING TO ARBITRATION
☐ Plaintiff    ☐ Defendant    ☐ Other: _____
PRINT NAME OF PARTY OR ATTORNEY
SIGNATURE OF PARTY OR ATTORNEY

NAME OF PARTY STIPULATING TO ARBITRATION
☐ Plaintiff    ☐ Defendant    ☐ Other: _____
PRINT NAME OF PARTY OR ATTORNEY
SIGNATURE OF PARTY OR ATTORNEY

NAME OF PARTY STIPULATING TO ARBITRATION
☐ Plaintiff    ☐ Defendant    ☐ Other: _____
PRINT NAME OF PARTY OR ATTORNEY
SIGNATURE OF PARTY OR ATTORNEY

NAME OF PARTY STIPULATING TO ARBITRATION
☐ Plaintiff    ☐ Defendant    ☐ Other: _____
PRINT NAME OF PARTY OR ATTORNEY
SIGNATURE OF PARTY OR ATTORNEY

NAME OF PARTY STIPULATING TO ARBITRATION
☐ Plaintiff    ☐ Defendant    ☐ Other: _____
PRINT NAME OF PARTY OR ATTORNEY
SIGNATURE OF PARTY OR ATTORNEY

(SPACE BELOW FOR FILING STAMP ONLY)

THE SALL LAW FIRM
A PROFESSIONAL CORPORATION
ROBERT K. SALL (SBN 83782)
BRANDON N. KRUEGER (SBN 221432)
32351 COAST HIGHWAY
LAGUNA BEACH, CALIFORNIA 92651-6703
PHONE: (949) 499-2942
FAX: (949) 499-7403

Attorneys for Plaintiff, Integrated Financial Associates, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| INTEGRATED FINANCIAL ASSOCIATES, INC., a Nevada corporation,<br><br>           Plaintiff,<br><br>    v.<br><br>MARSHALL BANK, N.A., a national banking association; THE MARSHALL GROUP, INC., a Minnesota corporation, MARSHALL BANKFIRST CORPORATION, a Minnesota banking corporation,  NARA BANK NATIONAL ASSOCIATION, a nationally chartered banking corporation,  GOLDEN SECURITY BANK, FIRST PRIVATE BANK & TRUST,  SAIGON NATIONAL BANK, COMMUNITY BUSINESS BANK,  TWELVE OAKS PARTNERS, LLC, A California Limited Liability Company, STATEWIDE RECONVEYANCE GROUP, INC., DBA STATEWIDE FORECLOSURE SERVICES, a California corporation, ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO and DOES 1 through 100, inclusive,<br>           Defendants. | CASE NO. RIC532644<br><br>[Assigned for all purposes to Honorable Mac R. Fisher in Department 06]<br><br>**NOTICE OF CASE MANAGEMENT CONFERENCE**<br><br>Date:        February 1, 2010<br>Time:       8:30 a.m.<br>Dept.:       6 |

- 1 -

1    **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD**:

2        **PLEASE TAKE NOTICE** that pursuant to a Notice of Case Assignment, the Court has

3    set a Case Management Conference in the above-captioned matter on February 1, 2010 at 8:30

4    a.m. in Department 6.

5

6        A copy of the Notice of Case Assignment is attached hereto as Exhibit "A" for further

7    particulars.

8

9    Dated: August 6, 2009              THE SALL LAW FIRM
                                        A Professional Corporation
10

11                                      By: _____

12                                      ROBERT K. SALL
                                        Attorneys for Plaintiff
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

AUG-03-2009 11:45AM FAX: ID:THE SALL LAW FIRM PAGE:004 R=92%

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

INTEGRATED FINANCIAL ASSOCIATES VS MARSHALL BANK

CASE NO. RIC 532644

This case is assigned to the Honorable Judge Mac R. Fisher
in Department 06 as the case management department.
The Case Management Conference is scheduled for 02/01/10
at 8:30 in Department 06.

The plaintiff/cross-complainant shall serve a copy of this
notice to all defendants/cross-defendants named or added to
the complaint and file a proof of service.

Any disqualification pursuant to CCP Section 170.6(2) shall be
filed in accordance with that section.

CLERK'S CERTIFICATE OF MAILING

I, Clerk of the Superior Court, County of Riverside, certify that
I am not a party to this action; that on this date, I served a
copy of the foregoing notice by depositing said copy (in a sealed
envelope with prepaid postage) in the mail at _____, CA
addressed as indicated.

Date: 08/03/09        By: _____
                          LAUREN N. GORDON, Deputy Clerk

TDACMC

**PROOF OF SERVICE BY ALL OPTIONS**
CCP 1013, 1013(A) [Rvsd. 01-01-03] - CRC 1.21(c) [Rvsd.01-01-07]

**STATE OF CALIFORNIA, COUNTY OF ORANGE**
    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 32351 Coast Highway, Laguna Beach, California 92651-6703.
    On **August 7, 2009**, I served the foregoing document described as **NOTICE OF CASE MANAGEMENT CONFERENCE** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

    **[X] By Mail**, I deposited such envelope(s) in the mail at Laguna Beach, California, with postage thereon fully prepaid.
    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Laguna Beach, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit. (C.C.P. §1013(a)).
    [ ] By Personal Service, I caused such envelope(s) to be delivered by hand to the offices of the addressee(s)above. (C.C.P. §1011(a)(b)).
    [ ] By Electronic Mail (email), I transmitted, without error, such documents from Laguna Beach, California, to the email addressee(s) above. (CRC Rule 2.260(f).
    [ ] By Facsimile, I transmitted such documents by sending a true copy of the above document to the parties as set forth on the service list at the fax numbers indicated. The facsimile machine used complied with CRC Rule 2003(3), and the transmission was reported as complete and without error. Pursuant to CRC Rule 2005(i), a transmission confirmation report was properly issued by the transmitting facsimile machine, stating the time and date of such transmission. (C.C.P. §1013(e)(f))
    [ ] By Federal Express Overnight Delivery, I caused such envelope to be delivered to the Federal Express delivery box. (C.C.P. §1013(c)(d))
    **[X] (State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    [ ] (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.
    Executed on **August 7, 2009**, at Laguna Beach, California.

_Julia V. Bernaldo_
Julia V. Bernaldo

### SERVICE LIST

| | |
|---|---|
| 1 | |
| 2 | Gary A. Waldron, Esq. |
| 3 | WALDRON & BRAGG, LLP |

Gary A. Waldron, Esq.
WALDRON & BRAGG, LLP
23 Corporate Plaza Dr., #200
Newport Beach, CA 92660

Attorneys for Twelve Oaks Partners, LLC and Randall Blanchard

Lawrence E. Butler, Esq.
SEYFARTH SHAW, LLP
560 Mission Street, Suite 3100
San Francisco, California   94105

Attorneys for Defendants Marshall Bank, N.A., a national banking association; The Marshall Group, Inc., a Minnesota corporation, Marshall BankFirst Corporation, a Minnesota banking corporation

Eric R. McDonough, Esq.
SEYFARTH SHAW, LLP
2029 Century Park East, Suite 3500
Los Angeles, California  90067

Attorneys for Defendants Marshall Bank, N.A., a national banking association; The Marshall Group, Inc., a Minnesota corporation, Marshall BankFirst Corporation, a Minnesota banking corporation

Mr. Bill Guleserian, President
GOLDEN SECURITY BANK
2112 Walnut Grove Ave
Rosemead, California  91770-3768

Mr. Bill Lu, President
SAIGON NATIONAL BANK
15606 Brookhurst Street, Suite C
Westminster, California 92683-7582

Mr. Charlie Jackson, C.E.O. and President
FIRST PRIVATE BANK & TRUST
Executive Offices
16000 Ventura Boulevard
Encino, California  91436

Mr. Scott Meyer, General Manager
COMMUNITY BUSINESS BANK
1540 West Kettleman Lane
Suite A
Lodi, California  95242-9291

Attn: President
NARA BANK
California Corporate Headquarters
3731 Wilshire Boulevard
Suite 1000
Los Angeles, California  90010

THE SALL LAW FIRM
A PROFESSIONAL CORPORATION
32351 COAST HIGHWAY
LAGUNA BEACH, CALIFORNIA 92651-6703



UNITED STATES POSTAGE
PITNEY BOWES
02 1P     $ 000.61
0002147072   AUG 07 20
MAILED FROM ZIP CODE 92651

Eric R. McDonough, Esq.
SEYFARTH SHAW, LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067

90067+3063

**Aguilera, James**

| | |
|---|---|
| **From:** | Tampinco, Neil |
| **Sent:** | Monday, August 10, 2009 2:35 PM |
| **To:** | Aguilera, James |
| **Cc:** | McDonough, Eric; Hargis, Daniel; Sable, Daniel |
| **Subject:** | RE: Emailing: Marshall Bank - Special Interrogatories, Set Six.pdf, Marshall Bank - RPD Set Six.pdf, Marshall Bank - Jacob Gonzales Decl Re Consolidating Motion to Compel Hearings.pdf, Marshall - Depo Subpoena - Tonon Photocopy.pdf, Marshall Bank - NOtice |

Thanks. Docs have been Entered.

Re: Marshall v. Twelve
Responses to Twelve's RFP & Special Rogs - Set Six due: 9/11
Response in support or opposing Notice of Related Case due: 8/17

Re: Integrated v. Marshall

Response to FAC due: 9/9


Neil Tampinco I Docket Clerk
Seyfarth Shaw, LLP I 2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021
Office: (310) 277-7200 I Direct: (310) 201-5295
Avaya DD: 75-5295 I Fax: (310) 201-5219
ntampinco@seyfarth.com

P Please consider the environment before printing this email or any attachments.

-----Original Message-----
From: Aguilera, James
Sent: Monday, August 10, 2009 1:47 PM
To: Tampinco, Neil
Cc: McDonough, Eric; Hargis, Daniel; Sable, Daniel; Gimble, Jeffrey
Subject: FW: Emailing: Marshall Bank - Special Interrogatories, Set Six.pdf, Marshall Bank
- RPD Set Six.pdf, Marshall Bank - Jacob Gonzales Decl Re Consolidating Motion to Compel
Hearings.pdf, Marshall - Depo Subpoena - Tonon Photocopy.pdf, Marshall Bank - NOtice


Neil (Docketing):

Please calendar the documents attached and confirm calendar entries for those that require calendaring.

c/m #: 57101-14.

Jeffrey:

Please create shell responses for the first two documents attached (MB - Special Rogs -
Set Six and MB - RPD Set Six). If you have to give it to the evening secretary secretary
that will be fine. I believe I submitted the Verified First Amended Complaint for a shell
to be created for our Answer/Demurrer. If not, please create shells.

Thank you,

Jimm

James Aguilera
Assistant to Valerie J. Hoffman, Eric R. McDonough and Laurie E. Barnes
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3300

Los Angeles, California 90067
Direct Ph No.:   (310) 201-9260
Facsimile No.: (310) 201-5219
Email:         jaguilera@seyfarth.com

Seyfarth Shaw is moving to a new suite in the same building. Please note, effective June
15, 2009, Seyfarth Shaw will be in Suite 3500.


-----Original Message-----
From: McDonough, Eric
Sent: Monday, August 10, 2009 12:29 PM
To: Aguilera, James
Cc: Sable, Daniel; Hargis, Daniel
Subject: FW: Emailing: Marshall Bank - Special Interrogatories, Set Six.pdf, Marshall Bank
- RPD Set Six.pdf, Marshall Bank - Jacob Gonzales Decl Re Consolidating Motion to Compel
Hearings.pdf, Marshall - Depo Subpoena - Tonon Photocopy.pdf, Marshall Bank - NOtice

Jimm:


See attached.

Danny/Dan, no reason to review any of this stuff (don't want to duplicate effort).  Just
wanted to keep you in the loop.

Eric

-----Original Message-----
From: Butler, Lawrence
Sent: Monday, August 10, 2009 12:07 PM
To: McDonough, Eric
Subject: FW: Emailing: Marshall Bank - Special Interrogatories, Set Six.pdf, Marshall Bank
- RPD Set Six.pdf, Marshall Bank - Jacob Gonzales Decl Re Consolidating Motion to Compel
Hearings.pdf, Marshall - Depo Subpoena - Tonon Photocopy.pdf, Marshall Bank - NOtice

     FYI


Lawrence E. Butler
560 Mission Street, Suite 3100
San Francisco, CA 94105
415-397-2823
415-397-8549 (fax)
lbutler@seyfarth.com

-----Original Message-----
From: Rodrigues, Karen
Sent: Monday, August 10, 2009 12:07 PM
To: Butler, Lawrence
Subject: Emailing: Marshall Bank - Special Interrogatories, Set Six.pdf, Marshall Bank -
RPD Set Six.pdf, Marshall Bank - Jacob Gonzales Decl Re Consolidating Motion to Compel
Hearings.pdf, Marshall - Depo Subpoena - Tonon Photocopy.pdf, Marshall Bank - NOtice of


The message is ready to be sent with the following file or link attachments:

Marshall Bank - Special Interrogatories, Set Six.pdf Marshall Bank - RPD Set Six.pdf
Marshall Bank - Jacob Gonzales Decl Re Consolidating Motion to Compel Hearings.pdf
Marshall - Depo Subpoena - Tonon Photocopy.pdf Marshall Bank - NOtice of related case.pdf
IFA v Marshall - Notice of CMC.pdf IFA v Marshall - Verified First Amended Complaint.pdf
IFA - Lis Pendens.pdf


Note: To protect against computer viruses, e-mail programs may prevent sending or
receiving certain types of file attachments.  Check your e-mail security settings to

4

(SPACE BELOW FOR FILING STAMP ONLY)

1  THE SALL LAW FIRM
   A PROFESSIONAL CORPORATION
2  ROBERT K. SALL (SBN 83782)
   BRANDON N. KRUEGER (SBN 221432)
3  32351 COAST HIGHWAY
   LAGUNA BEACH, CALIFORNIA 92651-6703
4  PHONE: (949) 499-2942
   FAX: (949) 499-7403
5

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

AUG 05 2009

A. Sanchez

6  Attorneys for Plaintiff, Integrated Financial Associates, Inc.

7

8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF RIVERSIDE

11

12  INTEGRATED FINANCIAL                    CASE NO. RIC532644
    ASSOCIATES, INC., a Nevada
13  corporation,                            [Assigned for all purposes to Honorable Mac
                         Plaintiff,         R. Fisher in Department 06]
14         v.
    MARSHALL BANK, N.A., a national
15  banking association; THE MARSHALL
    GROUP, INC., a Minnesota corporation,   VERIFIED FIRST AMENDED
16  MARSHALL BANKFIRST                      COMPLAINT FOR DAMAGES AND
    CORPORATION, a Minnesota banking        EQUITABLE RELIEF
17  corporation, NARA BANK NATIONAL
    ASSOCIATION, a nationally chartered     1.    Negligent Misrepresentation;
18  banking corporation, GOLDEN             2.    Intentional Misrepresentation;
    SECURITY BANK, FIRST PRIVATE            3.    Deceit - Concealment and Suppression;
19  BANK & TRUST, SAIGON NATIONAL           4.    Breach of Contract;
    BANK, COMMUNITY BUSINESS                5.    Constructive Trust based upon Fraud
20  BANK, TWELVE OAKS PARTNERS,                   and Unjust Enrichment;
    LLC, A California Limited Liability      6.    Quiet Title
21  Company, STATEWIDE
    RECONVEYANCE GROUP, INC., DBA
22  STATEWIDE FORECLOSURE
    SERVICES, a California corporation, ALL
23  PERSONS UNKNOWN, CLAIMING
    ANY LEGAL OR EQUITABLE RIGHT,
24  TITLE, ESTATE, LIEN OR INTEREST
    IN THE PROPERTY DESCRIBED IN
25  THE COMPLAINT ADVERSE TO
    PLAINTIFF'S TITLE, OR ANY CLOUD
26  ON PLAINTIFF'S TITLE THERETO and
    DOES 1 through 100, inclusive,
27                       Defendants.

28

- 1 -

VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1    Plaintiff Integrated Financial Associates, Inc. alleges herein as follows:

2    **PRELIMINARY ALLEGATIONS**

3        1.    Plaintiff INTEGRATED FINANCIAL ASSOCIATES, INC. (hereinafter,

4    "Plaintiff" or "IFA") is, and at all times mentioned herein was a Nevada corporation with its

5    principal place of business located in Las Vegas, State of Nevada.

6        2.    Plaintiff is informed and believes, and thereon alleges that defendant

7    MARSHALL BANK, N.A. ("Marshall Bank") is a nationally chartered banking corporation, with

8    its principal place of business located at 225 South Sixth St., Suite 2900, Minneapolis, MN

9    55402.

10       3.    Plaintiff is informed and believes, and thereon alleges defendant THE

11   MARSHALL GROUP, INC., ("Marshall Group") is a Minnesota corporation, with its principal

12   place of business located at 225 South Sixth St., Suite 2900, Minneapolis, MN 55402. Plaintiff is

13   informed and believes, and thereon alleges defendant Marshall Group is, and at all times herein

14   mentioned was, affiliated with Marshall Bank.

15       4.    Plaintiff is informed and believes, and thereon alleges defendant MARSHALL

16   BANKFIRST CORPORATION, ("Marshall BankFirst") is a Minnesota banking corporation,

17   with its principal place of business located in Minneapolis, Minnesota. Plaintiff is informed and

18   believes, and thereon alleges defendant Marshall BankFirst is, and at all times herein mention

19   was, affiliated with Marshall Group and Marshall Bank.

20       5.    Plaintiff is informed and believes, and thereon alleges defendant NARA BANK

21   NATIONAL ASSOCIATION ("Nara Bank") is a nationally chartered banking corporation, with

22   its principal place of business located in Los Angeles, Los Angeles County, California.

23       6.    Plaintiff is informed and believes, and thereon alleges defendant GOLDEN

24   SECURITY BANK ("Golden Security Bank") is a banking corporation, with its principal place

25   of business located in Rosemead, Los Angeles County, California.

26       7.    Plaintiff is informed and believes, and thereon alleges defendant FIRST

27   PRIVATE BANK & TRUST ("First Private Bank & Trust") is a banking corporation, with its

28   principal place of business located in Encino, Los Angeles County, California.

1   8.  Plaintiff is informed and believes, and thereon alleges SAIGON NATIONAL

2 BANK ("Saigon National Bank") is a banking corporation with its principal place of business

3 located in Rosemead, Los Angeles County, California.

4   9.  Plaintiff is informed and believes, and thereon alleges COMMUNITY BUSINESS

5 BANK ("Community Business Bank") is a community banking corporation with its principal

6 place of business located in West Sacramento, Yolo County, California.

7   10.  Defendant TWELVE OAKS PARTNERS LLC ("Twelve Oaks") is a California

8 limited liability company with its principal place of business in Riverside County, California.

9 Defendant Twelve Oaks is a defendant in this First Amended Complaint only under the sixth

10 cause of action, for quiet title.

11   11.  Defendant STATEWIDE RECONVEYANCE GROUP, INC., DBA

12 STATEWIDE FORECLOSURE SERVICES, (hereinafter "Statewide Foreclosure Services") is a

13 California corporation with its principal place of business in San Diego County, California.

14   12.  The Defendants named herein as ALL PERSONS UNKNOWN, CLAIMING

15 ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE

16 PROPERTY DESCRIBED IN THE FIRST AMENDED COMPLAINT ADVERSE TO

17 PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO, hereinafter

18 sometimes referred to as "the unknown defendants" are unknown to Plaintiff. These unknown

19 defendants, and each of them, claim some right, title, estate, lien, or interest in the hereinafter-

20 described Property adverse to Plaintiff or Plaintiff's title, and their claims, and each of them,

21 constitute a cloud on Plaintiff's title interest or lien interest in the Property.

22   13.  The true names and capacities, whether individual, corporate, associate, or

23 otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, who

24 therefore sues said Defendants by such fictitious names pursuant to Code of Civil Procedure §

25 474. Plaintiff is informed and believes, and on such information and belief, alleges that each

26 such "DOE" Defendant is responsible in some manner for the events and transactions alleged

27 herein and Plaintiff will amend this Complaint to state the true names and capacities of said

28 Defendants when the same have been ascertained.

14.    Marshall Bank, Marshall Group, Marshall BankFirst, Nara Bank, Golden Security Bank, First Private Bank & Trust, Saigon National Bank, Community Business Bank, and the Doe Defendants 1-50 are referred collectively to as the "Bank Defendants".

15.    Plaintiff is informed and believes, and on such information and belief, alleges that each of the Defendants is now, and has been at all times herein mentioned, the agent, servant, employee, partner, associate, joint venturer, co-participant and/or principal of or with each of the remaining Defendants, and that each Defendant has been, at all times herein mentioned, acting within the scope of such relationship and with the full knowledge, consent, authority, ratification, and/or permission of each of the remaining Defendants.

16.    Plaintiff is informed and believes, and thereon alleges, that Marshall Bank, Marshall BankFirst and Marshall Group each acted, and continue to act, in connection with the transactions herein alleged, as the agents not only for themselves but also for undisclosed principals, consisting of the Bank Defendants, including Marshall BankFirst, Nara Bank, Golden Security Bank, First Private Bank & Trust, Saigon National Bank, Community Business Bank and one or more of the Doe Defendants. On such basis, Plaintiff alleges that each of the Bank Defendants, including Marshall Bank, Marshall Group, Marshall BankFirst, Nara Bank, Golden Security Bank, First Private Bank & Trust, Saigon National Bank, Community Business Bank and one or more of the Doe Defendants, are liable to Plaintiff as principals in the transactions herein alleged and conducted in the name of Marshall Group, Marshall BankFirst, BankFirst and/or Marshall Bank pertaining to the Marshall Bank – Twelve Oaks Loan, the Subordination Agreement and the IFA Loan hereinafter alleged.

17.    Plaintiff is informed and believes, and thereon alleges, that commencing in or about November 2006, Twelve Oaks Partners, LLC ("Twelve Oaks") entered into negotiations with a representative of Marshall BankFirst for a development loan with respect Twelve Oaks' real estate project then in progress for the development and construction of two hundred sixteen (216) upscale residential lots on six hundred twenty (620) acres of land (the "Property") and vineyards in Temecula Valley, Riverside County, State of California (collectively referred to as the "Project"). Plaintiff is informed and believes, and thereon alleges, that Twelve Oaks received

VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1   its preliminary term sheets in December 2006 and January 2007 for the development and

2   construction loan from Defendant Marshall BankFirst. Plaintiff is informed and believes, and

3   thereon alleges, that in or about March or April 2007, Defendant Marshall Group apparently

4   replaced Marshall BankFirst as the lender on the development and construction loan. Plaintiff is

5   informed and believes, and thereon alleges, that Twelve Oaks was not notified of the substitution

6   of lenders, nor told the reason for such replacement. Plaintiff is informed and believes, and

7   thereon alleges, that on April 12, 2007, Twelve Oaks executed the commitment letter whereby

8   the Marshall Group agreed to lend Fifty Nine Million Five Hundred Ninety Thousand

9   ($59,590,000) Dollars for the Project.  Plaintiff is informed and believes, and thereon alleges,

10  that the development and construction loan was then marketed to potential loan participants,

11  including the Bank Defendants named herein, and one or more of the Doe Defendants, as a

12  Marshall Group transaction.

13        18.     Plaintiff is informed and believes, and thereon alleges, that on June 7, 2007,

14  Twelve Oaks executed a Development Loan Agreement (the "Loan Agreement") for the loan of

15  $59,590,000 for the Project (the "Marshall Bank–Twelve Oaks Loan"). Plaintiff is informed and

16  believes, and thereon alleges, that sometime prior to the execution of the Loan Agreement,

17  Marshall Bank replaced the Marshall Group as the reputed lender on the development loan, due

18  to the Marshall Group's failure to meet certain licensing requirements in the State of California.

19  Plaintiff is informed and believes, and thereon alleges, that neither Twelve Oaks nor Plaintiff

20  were ever notified of the substitution of lenders, the reasons for such substitution, or any

21  licensing issues pertaining to the lenders. Plaintiff is informed and believes, and thereon alleges,

22  that on or about June 25, 2007, the Marshall Bank–Twelve Oaks Loan closed, and at that time

23  Marshall Bank or its principals advanced only $31,790,000 of the $59,590,000 at the loan

24  closing.  A true and correct copy of the Borrower's Final Settlement Statement is attached hereto

25  as Exhibit A, incorporated herein by reference. Plaintiff is informed and believes, and thereon

26  alleges, that the closing had been delayed by Marshall Bank or its affiliates for several weeks

27  because Marshall Bank and its affiliates had not obtained sufficient participants to fully fund the

28  Marshall Bank - Twelve Oaks Loan, and hence it could not perform as promised. Plaintiff is

1    informed and believes, and thereon alleges, that at no time did Marshall Bank or any of its agents

2    or representatives, or any of the Bank Defendants, disclose either to Twelve Oaks or to Plaintiff,

3    that Marshall Bank or its affiliates would need to obtain funds from a short term warehouse

4    lender to be able to fund the close of escrow on the Marshall Bank – Twelve Oaks Loan.

5         19.    The deed of trust for the Marshall Bank – Twelve Oaks Loan was recorded in the

6    official records of Riverside County, California on or about June 25, 2007 as Instrument No.

7    2007-0411595 (hereinafter referred to as the "Marshall Bank Deed of Trust"). The Property,

8    which provides security through the deeds of trust herein alleged for the loans described herein,

9    is legally described as follows:

10

11                           **LEGAL DESCRIPTION**

12

13   LAND SITUATED IN THE COUNTY OF **RIVERSIDE**, STATE OF **CALIFORNIA**,
     DESCRIBED AS FOLLOWS:

14

15        **PARCEL A:**

16        **THE SOUTHWEST QUARTER OF SECTION 14, TOWNSHIP 7 SOUTH,**
17        **RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF**
18        **RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY UNITED STATES**
          **GOVERNMENT SURVEY.**
19

20        **PARCEL B:**

21        **THE SOUTHEAST QUARTER OF SECTION 14; TOWNSHIP 7 SOUTH,**
22        **RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY**
23        **RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY UNITED STATES**
          **GOVERNMENT SURVEY.**
24

25        **PARCEL C:**

26        **THE NORTHEAST QUARTER OF SECTION 14, TOWNSHIP 7 SOUTH,**
27        **RANGE 2 WEST, SAN BERNARDINO BASE AND MERIDIAN, AS SHOWN**
28        **BY UNITED STATES GOVERNMENT SURVEY;**

EXCEPTING THEREFORE THE NORTHERLY 44 FEET AS CONVEYED
TO THE COUNTY OF RIVERSIDE BY DEED RECORDED JULY 31, 1970
AS INSTRUMENT NO. 74847 OF OFFICIAL RECORDS OF RIVERSIDE
COUNTY, CALIFORNIA.

PARCEL D:

PARCELS 1 THROUGH 7, INCLUSIVE, OF PARCEL MAP NO. 18809, AS
SHOWN BY MAP ON FILE IN BOOK 146 PAGES 68 THROUGH 70 OF
MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

PARCEL E:

PARCEL 1 OF PARCEL MAP NO. 12506, AS SHOWN BY MAP ON FILE
IN BOOK 65 PAGES 71 THROUGH 73 INCLUSIVE, OF PARCEL MAPS,
RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

EXCEPTING THEREFROM THAT PORTION CONVEYED TO WESTERN
RIVERSIDE COUNTY REGIONAL CONSERVATION AUTHORITY, A
POLITICAL SUBDIVISION OF THE STATE OF CALIFORNIA, BY
GRANT DEED RECORDED DECEMBER 29, 2006 AS INSTRUMENT NO.
2006-0956013 OF OFFICIAL RECORDS.

Assessor Parcel Numbers -964-160-004-4, 005-5, 006-6, 007-7, 009-9 &
964-190-019-1, 009-2, 011-3, 013-5, 015-7, 015-9

20.    Plaintiff is informed and believes, and thereon alleges, that despite the fact that
the Loan Agreement for the Marshall Bank – Twelve Oaks Loan was negotiated first with
Marshall BankFirst, then with Marshall Group and finally with Marshall Bank, and the Loan
Agreement purports to be with Marshall Bank as the lender, the Borrower's Final Settlement
Statement from close of escrow of the Marshall Bank – Twelve Oaks Loan shows the lender to
actually be Marshall BankFirst. Prior to entering into the transactions herein alleged, Plaintiff
was never notified by the Defendants or their representatives, or by Twelve Oaks, that the lenders
were being substituted or changed in any way. Plaintiff is uncertain as to which of the Marshall
entities is in fact the party that arranged the loan, but based upon the foregoing facts herein

1    alleged, Plaintiff is informed and believes, and thereon alleges, that each of the Marshall entities

2    was involved in some manner in making or arranging the Marshall Bank – Twelve Oaks Loan,

3    and that in doing so, they were acting as agents for the other Bank Defendants and one or more

4    Doe Defendants, as undisclosed principals.

5          21.     Plaintiff is informed and believes, and thereon alleges, that unbeknownst to

6    Plaintiff, during the entire time the negotiations were taking place for the loans herein alleged,

7    Marshall BankFirst, and/or another affiliate, BankFirst, were under investigation by the Federal

8    Reserve Bank of Minneapolis ("FRB") and others, regarding the sufficiency of their liquidity and

9    capital reserves. Plaintiff is informed and believes, and thereon alleges, that on or about July 31,

10    2007, an enforcement action was taken by the FRB and the South Dakota Department of

11    Revenue, which retroactively forbad the entities from entering into the very type of agreement

12    Marshall Bank and its affiliates made with Twelve Oaks. Plaintiff is informed and believes, and

13    thereon alleges, that these entities had been under investigation since March 2007 for

14    mismanagement, and lack of liquidity. The FRB issued a Press Release in August 2007 citing

15    problems with asset quality, credit administration, and risk management. Plaintiff is informed

16    and believes, and thereon alleges, that a written agreement was executed by the Marshall entities,

17    and until the FRB issues were resolved, Marshall BankFirst and BankFirst were prohibited from

18    originating any participated loans, such as the loan to Twelve Oaks. Plaintiff is informed and

19    believes, and thereon alleges, that on July 17, 2009, pursuant to a "Prompt Corrective Action

20    Directive" issued against BankFirst by the FRB, BankFirst was seized by federal regulators.

21    None of these pending actions or investigations were disclosed by any of the Defendants to

22    Plaintiff. Plaintiff is informed and believes, and thereon alleges, that none of these pending

23    actions or investigations were disclosed by any of the Defendants to Twelve Oaks.

24          22.     Plaintiff is informed and believes, and thereon alleges, that Marshall Group

25    serviced the Marshall Bank – Twelve Oaks loan from the date it closed in June 2007 until

26    approximately January 2008. Plaintiff is informed and believes, and thereon alleges, that on or

27    about August 13, 2007, the Marshall entities sent a letter to clients informing them of the FRB's

28    enforcement action. Plaintiff is informed and believes, and thereon alleges, that despite the fact

1   that the letter was addressed to "Marshall Group Clients," neither Twelve Oaks nor IFA were

2   provided with a copy of the letter, nor were they informed by any of the Defendants at any time

3   of the investigation or enforcement action taken by the FRB.

4       23.     One of the terms that Marshall FirstBank and/or Marshall Bank and/or Marshall

5   Group imposed as part of the development and construction loan was for Twelve Oaks to

6   concurrently obtain and fund secondary financing of approximately $3.75 million from another

7   lender. Plaintiff became that secondary lender, relying upon the lending relationship between the

8   Marshall entities and Twelve Oaks, and the anticipated performance by the Marshall entities of

9   their obligations to fully fund the Marshall Bank – Twelve Oaks Loan, in accordance with its

10  terms. During April to June, 2007 Twelve Oaks negotiated with Plaintiff for Plaintiff to make a

11  loan of $3.75 million, in secondary deed of trust position behind the Marshall Bank – Twelve

12  Oaks Loan. This loan of $3.75 million is herein referred to as the "IFA Loan."

13      24.     In deciding to make the IFA Loan in a secondary secured position, Plaintiff relied

14  upon the terms and conditions of the Marshall Bank - Twelve Oaks Loan, and upon the

15  availability to Twelve Oaks of that $59.59 million in financing to complete Twelve Oaks'

16  entitlements, perform improvements and substantially enhance the value of the Project. Before

17  agreeing to make the IFA Loan, Plaintiff evaluated the Project and reasonably determined that if

18  it chose to make the IFA Loan, the availability of all the funds under the Marshall Bank - Twelve

19  Oaks Loan, although it was in senior position of priority, would enable Twelve Oaks to

20  substantially enhance value and move toward completion of the development and marketing

21  phases of the Project, including, inter alia, the completion of various design work, entitlements

22  and improvements that would substantially increase the Project's value and marketability for

23  individual or bulk lot sales, lead to sales of parcels, and provide cash flow that would allow

24  Twelve Oaks to retire its debt obligations, and not only enhance the secured position of Plaintiff,

25  but also allow for Plaintiff to recover its loan principal and interest thereon. At the time the IFA

26  Loan was made, the appraised value for the Property and the Project, appraised as if the

27  improvements were made as set forth in the Loan Agreement, was $131,900,000.

28      25.     As additional conditions of the Marshall Bank - Twelve Oaks Loan, Marshall

- 9 -

1   Bank and/or the Marshall Group and/or Marshall BankFirst required Plaintiff (1) to advance the

2   funds from its $3.75 million loan to the same escrow handling the Marshall Bank - Twelve Oaks

3   Loan, thereby placing Marshall Bank and the other Defendants in a position to profit from the

4   close of the loan escrow and to use IFA's $3.75 million for their purposes; (2) to subordinate the

5   IFA Loan to the Marshall Bank - Twelve Oaks Loan; and (3) to sign a subordination agreement

6   (referred to herein as the "Subordination Agreement"), a copy of which is attached hereto as

7   Exhibit B, incorporated herein by reference. A copy of the Promissory Note signed by Twelve

8   Oaks for the IFA Loan is attached hereto as Exhibit C, and incorporated herein by reference.

9   Marshall Bank required Plaintiff to fund the $3.75 million IFA Loan through its designated

10  escrow and to wire the proceeds thereof to such escrow as an express condition of funding by

11  Marshall Bank of the Marshall Bank - Twelve Oaks Loan, and per its instructions. Thus, the

12  Plaintiff's secondary position secured loan of $3.75 million to Twelve Oaks was not only a

13  condition but became an integral part of the Marshall Bank - Twelve Oaks Loan.

14       26.   On or about June 8, 2007, and in order to fund the IFA Loan pursuant to explicit

15  instructions from Marshall Bank, Plaintiff wire transferred the sum of $3,750,000 to the escrow

16  at United General Title Insurance Company, the same escrow handling the Marshall Bank –

17  Twelve Oaks Loan. Plaintiff is informed and believes and thereon alleges that the proceeds of the

18  IFA Loan were utilized by Twelve Oaks and Defendants to pay various loan fees, costs, expenses

19  and/or prepaid interest reserves for the Marshall Bank – Twelve Oaks loan transaction, which

20  enabled the Defendants to benefit themselves and to close the Marshall Bank – Twelve Oaks

21  Loan transaction, despite the fact that the Marshall entities and the Bank Defendants had not yet

22  generated sufficient participation from other lenders, or raised sufficient funds to fully fund the

23  loan. Plaintiff is informed and believes and thereon alleges that in closing the loan, the Bank

24  Defendants or their agents received a loan fee of two points – 2% of the entire $59.59 million –

25  and thus received the sum of $1,190,000 although they actually funded only approximately $32

26  million at that time. Thus, Plaintiff is informed and believes and thereon alleges that the fee the

27  Bank Defendants or their agents received was actually closer to 3.7 points, instead of 2 points.

28       27.   Plaintiff is informed and believes, and thereon alleges, that at all times before

Plaintiff executed the Subordination Agreement and before advancing the IFA Loan proceeds to United General Title Insurance Company, as escrow, as directed by Marshall Bank, the Bank Defendants, and each of them, concealed from, suppressed, and/or failed to disclose to Plaintiff the following material facts:

a)      that neither Marshall Bank, Marshall FirstBank nor Marshall Group had sufficient capital or liquidity to fund the entire Marshall Bank – Twelve Oaks loan;

b)      that neither Marshall Bank, Marshall FirstBank nor Marshall Group intended, when entering the Commitment Letter, the Loan Agreement or the related loan documents, to fund the entire $59.59 million Marshall Bank – Twelve Oaks Loan;

c)      that Marshall Bank, Marshall BankFirst, Marshall Group and the other Defendants identified herein would not have the ability or sufficient participation from other lenders necessary to meet the entire $59.59 million obligation under the Marshall Bank – Twelve Oaks Loan, and would have to borrow short term funds from a warehouse lender even in order to close the initial disbursements under that loan;

d)      that neither Marshall Bank, Marshall BankFirst nor Marshall Group had sufficient capital or liquidity to have even agreed to make the Marshall Bank - Twelve Oaks Loan as principal, nor sufficient participation or investment from the Defendants and other financial institutions to permit them to even commit to the loan obligations, without significant risk of the inability to perform the ongoing extension of credit obligations required by the loan terms;

e)      that Marshall Bank and/or Marshall BankFirst and/or their affiliates, were under intense regulatory scrutiny and investigation by at least the FRB and the South Dakota Department of Revenue that was likely to result in adverse regulatory action; and

f)      that collectively, the Bank Defendants did not have the wherewithal to honor their commitments and fully fund the balance of the Marshall Bank -Twelve Oaks Loan transaction.

28.      Plaintiff is informed and believes, and thereon alleges, that on or about June 6, 2007, Marshall Bank represented to Plaintiff, on behalf of itself and the other Bank Defendants, in writing that it would not commence foreclosure proceedings on the Marshall Bank Deed of Trust without first giving Plaintiff thirty (30) business days prior written notice. Plaintiff is

1  informed and believes, and thereon alleges, that this express promise was made by Marshall

2  Bank and the Bank Defendants on whose behalf it acted as agent, at paragraph 7 of the

3  Subordination Agreement.

4          29.     Plaintiff 's deed of trust for the IFA Loan recorded on June 25, 2007 as Instrument

5  No. 2007-0411598 in the official records of Riverside County, California (hereinafter, the "IFA

6  Deed of Trust"). A copy of the IFA Deed of Trust is attached hereto as Exhibit D, incorporated

7  herein by reference.

8          30.     Plaintiff is informed and believes and thereon alleges that in or about January

9  2008, BankFirst became the servicing agent for the Marshall Bank – Twelve Oaks Loan. Plaintiff

10  is informed and believes and thereon alleges that in or about February 2008, the Bank

11  Defendants, and each of them, acting by and through Marshall Bank, Marshall BankFirst, and/or

12  BankFirst as their agents, refused to fund Twelve Oaks' Draw Request No. 6 for $236,921.72.

13  From the date of loan closing, the Bank Defendants funded only approximately $555,355 of their

14  remaining $21.5 million commitment. Then, in or about February 2008 they refused to fund.

15  Plaintiff is informed and believes and thereon alleges that the reason the Draw Request No. 6 was

16  not funded was that Marshall Bank was trying to remarket $5 million of the loan to other

17  participants, in an attempt to replace short term warehouse financing that it had used to close the

18  loan – in other words, it was not financially able continue to fund the $21 million remaining in

19  the Defendants' loan commitment. Plaintiff is informed and believes and thereon alleges that

20  Defendants thereafter used a variety of excuses to declare an alleged default in the Twelve Oaks

21  loan as a pretense for the Bank Defendants' inability to continue funding.

22          31.     Plaintiff is informed and believes and thereon alleges that on or about March 13,

23  2009, Marshall Bank declared a default under the Marshall Bank – Twelve Oaks Loan and the

24  Marshall Bank Deed of Trust, and caused its trustee, Statewide Foreclosure Services, to record a

25  Notice of Default and Election to Sell Under Deed of Trust. A copy of such Notice of Default

26  and Election to Sell Under Deed of Trust is attached hereto as Exhibit E, incorporated herein by

27  reference. Despite having expressly committed in the Subordination Agreement to give Plaintiff

28  thirty (30) business days advance notice before commencing foreclosure, Defendants did not at

any time provide Plaintiff with the enforcement notice required by the Subordination Agreement. On or about July 3, 2009, Marshall Bank caused its trustee to record and serve a Notice of Trustee's Sale Under Deed of Trust, setting the trustee's sale initially for July 31, 2009 at 9:00 a.m., at the Corona Civic Center Building, in Corona, Riverside County, California. A copy of the Defendants' Notice of Trustee's Sale Under Deed of Trust is attached hereto as Exhibit F, incorporated herein by reference. Plaintiff is informed and believes, and thereon alleges, that the Bank Defendants, and each of them, caused Marshall Bank and its trustee, Statewide Foreclosure Services, to postpone the trustee's sale until August 5, 2009, at which time the trustee's sale was held by defendant Statewide Foreclosure Services, and Marshall Bank acquired the Property by credit bidding only $1 million at the trustee's sale. Plaintiff is informed and believe and thereon alleges that Defendant Statewide Foreclosure Services has or will issue and record a Trustee's Deed for such foreclosure transaction in due course.

32.    Plaintiff is informed and believes, and thereon alleges, that the aforementioned Trustee's Sale was wrongfully conducted, in violation of law and in breach of the contractual obligations herein alleged. Plaintiff is informed and believes, and thereon alleges, that the lien of IFA Deed of Trust has been wrongfully extinguished by the above-referenced foreclosure sale, and that the commencement of foreclosure proceedings and Trustee's Sale are wrongful for the reasons herein alleged, including but not limited to false grounds asserted by said Defendants for the alleged default of Twelve Oaks, the Bank Defendants' own material breach of their loan obligations, and the failure of any of the said Defendants or their agents to give the advance Enforcement Notice required by paragraph 7 of the Subordination Agreement.

## **FIRST CAUSE OF ACTION**

*(For Negligent Misrepresentation, Against Defendants Marshall Bank, Marshall Group, Marshall BankFirst, Nara Bank, Golden Security Bank, First Private Bank & Trust, Saigon National Bank, Community Business Bank, the Bank Defendants and the Doe Defendants)*

33.    Plaintiff realleges and incorporates herein by reference each of the allegations of paragraphs 1 through 32 of this First Amended Complaint.

34.    Plaintiff is informed and believes, and thereon alleges, that on or about June 6, 2007 and prior to Plaintiff having committed to make the $3.75 million IFA Loan, the Bank

VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1   Defendants, acting through their agent, Marshall Bank, negligently and carelessly represented to

2   Plaintiff in writing that Marshall Bank would make and perform the Marshall Bank – Twelve

3   Oaks Loan if Plaintiff agreed to the Subordination Agreement, and further represented in writing

4   that Marshall Bank, once it was in senior position of priority over Plaintiff, Marshall Bank would

5   not foreclose upon the Project without first giving Plaintiff thirty (30) business days' notice of

6   Twelve Oaks' default before commencing foreclosure.  Plaintiff further is informed and believes

7   and thereon alleges that the Bank Defendants, and each of them, were aware of the facts alleged

8   in paragraph 27 above, and negligently and carelessly failed to disclose such facts to Plaintiff.

9       35.     Plaintiff is informed and believes, and thereon alleges, that the Bank Defendants'

10  said representations were in fact false, and said representations and nondisclosures were made

11  with the intent to induce Plaintiff to commit to funding $3.75 million in financing for the IFA

12  Loan, and to induce Plaintiff to sign the Subordination Agreement, to place itself in a junior

13  secured position, and to allow the Bank Defendants to use the $3.75 million in proceeds of the

14  IFA Loan to fund the closing of the Marshall Bank – Twelve Oaks Loan, or to pay loan costs or

15  otherwise establish loan reserves that benefitted the said Defendants, including enabling the said

16  Defendants or their agents to collect loan fees totaling approximately $1,190,000 that they would

17  not have otherwise collected.

18      36.     Plaintiff is informed and believes, and thereon alleges, that the true facts were that

19  the Bank Defendants knew that Marshall Bank, Marshall BankFirst and/or the Marshall Group

20  did not have the monies to fully fund the Marshall Bank – Twelve Oaks Loan, that they would

21  not and could not fund the entire transaction without first obtaining other participants, and that,

22  knowing they could not fully fund the transaction, they had no business closing escrow on the

23  loan and/or representing to the Plaintiff as a junior lender that they would fund the loan. The true

24  facts were also that the Bank Defendants did not intend to and would not give Plaintiff thirty (30)

25  days' notice of Twelve Oaks default before commencing foreclosure proceedings. The true facts

26  were also that, because said Defendants did not have sufficient capital and liquidity to fund the

27  Marshall Bank – Twelve Oaks Loan, and would be unable to perform their obligations, that they

28  would utilize manipulated facts and the assertion of falsehoods to create the appearance of a

1    default by Twelve Oaks, and use that as a pretense to refuse to further perform their funding

2    obligations, leaving Twelve Oaks unable to go forward with development of the Project and

3    permanently impairing the value of Plaintiff's security for the IFA Loan.

4         37.    At the time that Plaintiff agreed to make the IFA Loan, and at the time that

5    Plaintiff signed the Subordination Agreement, Plaintiff was ignorant of the true facts, ignorant of

6    the undisclosed facts, and believed the said Bank Defendants' false representations to be true. In

7    reasonable reliance upon the Plaintiff's lack of knowledge of the true facts, and in reasonable

8    reliance upon the said Defendants' misrepresentation of material facts, Plaintiff agreed to make

9    the IFA Loan, it signed the Subordination Agreement making the IFA Loan transaction

10   subordinate to the lien of the Marshall Bank – Twelve Oaks Loan, and it funded the IFA Loan.

11   Plaintiff's reliance upon Marshall BankFirst, Marshall Bank and/or Marshall Group with respect

12   to the representations herein alleged was reasonable because Marshall BankFirst, Marshall Bank

13   and Marshall Group were all in the business of lending and held themselves out as being capable

14   of making the $59.59 million loan, and were in a position of superior knowledge as to their own

15   capital, the capital of the participants in their lending activities, and their ability to fully fund the

16   loan transaction.

17        38.    The purported effect of signing the Subordination Agreement was to place the

18   Marshall Bank Deed of Trust in position of first priority, to preclude Plaintiff from collecting

19   payment on the principal of its loan obligation under the IFA Loan, to preclude Plaintiff from

20   accelerating the indebtedness owed under the IFA Loan, and to preclude Plaintiff from

21   commencing legal action or proceeding to exercise or enforce any right or remedy available to

22   Plaintiff under such loan or the IFA Deed of Trust, until the obligations owed by Twelve Oaks to

23   the Bank Defendants had been irrevocably paid in full, and all obligations of the said Defendants

24   to lend money or make other financial accommodations had terminated or expired. Thus,

25   Plaintiff was for all intents and purposes relegated, by having entered the Subordination

26   Agreement, to a subordinate position of having essentially no ability to protect itself against any

27   default by Twelve Oaks, or against any wrongful conduct of the Bank Defendants.

28        39.    Had Plaintiff known the true facts and/or the information that Bank Defendants

1  failed to disclose, including but not limited to any of the matters set forth in paragraphs 27 above,

2  Plaintiff would not have signed the Subordination Agreement, and would not have agreed to

3  make the IFA Loan, Plaintiff would not have funded the IFA Loan.

4      40.     The Bank Defendants had a duty not to mislead Plaintiff with respect to the terms

5  of the loan transactions and the Subordination Agreement. Plaintiff is informed and believes and

6  thereon alleges that Bank Defendants either had insufficient information to make the

7  representations herein alleged, or otherwise had no reasonable basis for making the

8  representations herein alleged, or for failing to disclose the material facts that were not disclosed,

9  as herein alleged. Without sufficient information, and/or without reasonable basis for making the

10  said representations, Bank Defendants could not have reasonably made the said representations

11  and said nondisclosures, and Bank Defendants' actions in doing so were therefore not reasonable

12  and below the standard of care.

13      41.     As a proximate result of the wrongful conduct of the Bank Defendants herein

14  alleged, and each of them, Plaintiff has been damaged, including but not limited to the sum of

15  $3.75 million expected loss of principal on the IFA Loan, delay in collection and enforcement of

16  its loss, loss of interest, loss or impairment of its secured position and security interest in the

17  Project, the foreclosure on the Project under the Marshall Bank Deed of Trust, and other general,

18  special and consequential damages in an amount exceeding $4 million, according to proof.

19          Wherefore, Plaintiff prays for Judgment as hereinafter set forth.

20                          **SECOND CAUSE OF ACTION**

21  *(For Intentional Misrepresentation and Fraud – Against Defendants Marshall Bank, Marshall*
   *Group, Marshall BankFirst, Nara Bank, Golden Security Bank, First Private Bank & Trust,*

22  *Saigon National Bank, Community Business Bank, the Bank Defendants*
   *and the Doe Defendants)*

23

24      42.     Plaintiff realleges and incorporates herein by reference each of the allegations of

    paragraphs 1 through 32 of this First Amended Complaint.
25

26      43.     Plaintiff is informed and believes, and thereon alleges, that on or about June 7,

    2007 and prior to Plaintiff having committed to make the $3.75 million IFA Loan, Bank
27

28  Defendants, acting through their agent, Marshall Bank, willfully and intentionally represented to

    Plaintiff in writing that Marshall Bank would make and perform the Marshall Bank – Twelve

                                    - 16 -

1   Oaks Loan if Plaintiff agreed to the Subordination Agreement, and further represented in writing

2   that Marshall Bank, once it was in senior position of priority over Plaintiff, would not foreclose

3   the Marshall Bank Deed of Trust without first giving Plaintiff thirty (30) business days' notice of

4   Twelve Oaks' default before commencing foreclosure.

5        44.    Plaintiff is informed and believes, and thereon alleges, that Bank Defendants' said

6   representations were in fact false, and were made with the said Defendants having knowledge of

7   their falsity, and with the intent to willfully and fraudulently induce Plaintiff to commit to

8   funding $3.75 million in financing for the IFA Loan, and to induce Plaintiff to sign the

9   Subordination Agreement, to place itself in a junior position, and to allow Defendants to use the

10  proceeds of the IFA Loan to fund the closing of the Marshall Bank – Twelve Oaks Loan, or to

11  pay loan costs or otherwise establish loan reserves that benefitted the Bank Defendants, including

12  points.

13       45.    Plaintiff is informed and believes and thereon alleges that the true facts were that

14  Bank Defendants knew that the representations they were making were false. Plaintiff is

15  informed and believes and thereon alleges that the Defendants knew they did not have the monies

16  to fund $21 million balance of the Marshall Bank – Twelve Oaks Loan, that they would not and

17  could not fund the entire transaction without first obtaining additional participants, and that,

18  knowing they could not fully fund the transaction, they had no business closing escrow on the

19  loan and/or representing to the Plaintiff as a junior lender that they would fund the loan. The true

20  facts were also that Bank Defendants would not give Plaintiff thirty (30) days' notice of Twelve

21  Oaks' default before commencing foreclosure proceedings. Plaintiff is informed and believes and

22  thereon alleges that the true facts were also that, because said Defendants did not have sufficient

23  capital and liquidity to fund the Marshall Bank – Twelve Oaks Loan, and would be unable to

24  perform their obligations, that they would utilize manipulated facts and the assertion of

25  falsehoods to create the appearance of a default by Twelve Oaks, and use that as a pretense to

26  escape their funding obligations, leaving Twelve Oaks unable to go forward with development of

27  the Project and permanently impairing the value of Plaintiff's security for its loan.

28       46.    At the time that Plaintiff agreed to make the IFA Loan, and at the time that

1  Plaintiff signed the Subordination Agreement, Plaintiff was ignorant of the true facts and

2  believed the Bank Defendants' false representations to be true. In reasonable reliance upon the

3  Plaintiff's lack of knowledge of the true facts, and in reasonable reliance upon the said

4  Defendants' misrepresentation of material facts, Plaintiff agreed to make the IFA Loan, it signed

5  the Subordination Agreement and agreed to make its loan transaction subordinate to the lien of

6  the Marshall Bank – Twelve Oaks Loan, and it funded the IFA Loan. Plaintiff's reliance upon

7  Marshall BankFirst, Marshall Bank and Marshall Group with respect to the representations

8  herein alleged was reasonable because Marshall BankFirst, Marshall Bank and Marshall Group

9  were in the business of lending and held themselves out as being capable of making the $59.59

10  million loan and were in a position of superior knowledge as to their own capital, the capital of

11  the participants in their lending activities, and their ability to fully fund the loan transaction.

12      47.     Plaintiff is informed and believes and thereon alleges that in making the false

13  representations herein alleged, Bank Defendants acted intentionally and willfully, for the purpose

14  of inducing Plaintiff to make the IFA Loan, and to sign and agree to the terms of the

15  Subordination Agreement, all of which enabled said Defendants to profit from having access to

16  Plaintiff's $3.75 million in funds loaned that were used for the benefit of the Defendants, and

17  enabled them to collect loan fees totaling approximately $1,190,000 that they would not have

18  otherwise collected.

19      48.     Plaintiff is informed and believes and thereon alleges that in acting as herein

20  alleged, Bank Defendants' conduct was willful and malicious, done with fraudulent intent, and

21  was oppressive, and committed with the intent of placing their own interests ahead of the

22  Plaintiff for the purposes of generating a profit to themselves, and subjecting Plaintiff to the

23  losses herein alleged, while depriving Plaintiff from taking any action to protect its interests or to

24  avoid its losses. Such conduct was despicable, and entitles Plaintiff to an award of punitive and

25  exemplary damages, according to proof.

26      49.     As a proximate result of the wrongful conduct of the Bank Defendants herein

27  alleged, and each of them, Plaintiff has been damaged, including but not limited to the sum of

28  $3.75 million expected loss of principal on the IFA Loan, delay in collection and enforcement of

1   its loss, loss of interest, loss or impairment of its secured position in the Project, loss or

2   impairment of Plaintiff's security interest in the Project, the foreclosure of the Project under the

3   Marshall Bank Deed of Trust, and other general, special and consequential damages in an amount

4   exceeding $4 million, according to proof.

5          Wherefore, Plaintiff prays for Judgment as hereinafter set forth.

6   **THIRD CAUSE OF ACTION**

7   *(For Deceit – Concealment and Suppression of Materials Facts, Against Defendants Marshall
Bank, Marshall Group, Marshall BankFirst, Nara Bank, Golden Security Bank, First Private
8   Bank & Trust, Saigon National Bank, Community Business Bank and the Doe Defendants)*

9       50.    Plaintiff realleges and incorporates herein by reference each of the allegations of

10   paragraphs 1 through 32 and 43 through 49 of this First Amended Complaint.

11       51.    Plaintiff is informed and believes and thereon alleges that at the time that Bank

12   Defendants, through Marshall Bank and Marshall Group acting as their agents, were negotiating

13   for the Marshall Bank – Twelve Oaks Loan, and for the Subordination Agreement with Plaintiff,

14   Bank Defendants willfully concealed, suppressed, and intentionally failed to disclose material

15   facts that were necessary to be disclosed so as to make the transactions herein alleged not

16   misleading, and did so with the purpose and intent of inducing Plaintiff to act in the manner

17   herein alleged. Plaintiff further is informed and believes and thereon alleges that the facts that

18   Bank Defendants willfully and intentionally concealed, suppressed and failed to disclose include,

19   but are not limited to, those material facts alleged in paragraph 27 above.

20       52.    Because Plaintiff was unaware of the true facts, and was unaware of the facts that

21   Plaintiff is informed and believes and thereon alleges that Bank Defendants willfully concealed,

22   suppressed or failed to disclose, Plaintiff was induced to enter into agreements that injured its

23   position, and Plaintiff's security through its deed of trust on the Project, instead of being

24   enhanced by the improvements to were to be financed with the funds that the Bank Defendants

25   were to be loaning, was severely diminished or entirely destroyed, and Plaintiff suffered the

26   losses and damages herein alleged.

27       53.    In concealing, suppressing and failing to disclose the material facts herein alleged,

28   Plaintiff is informed and believes and thereon alleges that Bank Defendants acted intentionally

1  and willfully, for the purpose of inducing Plaintiff to make the IFA Loan, and to sign and agree

2  to the terms of the Subordination Agreement, all of which enabled Bank Defendants to profit

3  from having access to Plaintiff's $3.75 million in funds loaned that were used for the benefit of

4  the Defendants, and to enable Bank Defendants or their agents to receive loan fees totaling

5  approximately $1,190,000 that they would not have otherwise collected.

6      54.     Plaintiff is informed and believes and thereon alleges that in acting as herein

7  alleged, Bank Defendants' conduct was willful and malicious, done with fraudulent intent, and

8  was oppressive, and committed with the intent of placing their own interests ahead of the

9  Plaintiff for the purposes of generating a profit to themselves, and subjecting Plaintiff to the

10  losses herein alleged, while depriving Plaintiff from taking any action to protect its interests or to

11  avoid its losses. Such conduct was despicable, and entitles Plaintiff to an award of punitive and

12  exemplary damages, according to proof.

13      55.     As a proximate result of the wrongful conduct of the Bank Defendants herein

14  alleged, and each of them, Plaintiff has been damaged, including but not limited to the sum of

15  $3.75 million expected loss of principal on the IFA Loan, delay in collection and enforcement of

16  its loss, loss of interest, loss or impairment of its secured position and security interest in the

17  Project, the foreclosure of the Project under the Marshall Bank Deed of Trust, and other general,

18  special and consequential damages in an amount exceeding $4 million, according to proof.

19      Wherefore, Plaintiff prays for Judgment as hereinafter set forth.

20                    **FOURTH CAUSE OF ACTION**

21  *(For Breach of Contract, Against Defendants Marshall Bank, Marshall Group, Marshall*
    *BankFirst, Nara Bank, Golden Security Bank, First Private Bank & Trust, Saigon National*
22  *Bank, Community Business Bank and the Doe Defendants)*

23      56.     Plaintiff realleges and incorporates herein by reference each of the allegations of

24  paragraphs 1 through 32 of this First Amended Complaint.

25      57.     Plaintiff is informed and believes and thereon alleges that Defendant Marshall

26  Bank entered into the Subordination Agreement with Plaintiff as agent for undisclosed

27  principals, including the Bank Defendants herein alleged. Accordingly, Plaintiff is informed and

28  believes and thereon alleges that each of the Bank Defendants is and was responsible for

- 20 -

1  performance of the obligations under the Subordination Agreement.

2      58.    Beginning in or about February 2009, Defendant Marshall Bank, acting for itself

3  and its undisclosed principals, the Bank Defendants herein, breached the Subordination

4  Agreement by failing to give the required Enforcement Notice, and by wrongfully commencing

5  its non-judicial and judicial foreclosure of the Property.

6      59.    Plaintiff previously wrote to Defendant Marshall Bank, the Bank Defendants and

7  each of the named Defendants Nara Bank, Golden Security Bank, First Private Bank & Trust,

8  Saigon National Bank and Community Business Bank, and informed them of the default and

9  failure to provide the required notice. Most of the said Bank Defendants failed to respond.

10  Community Business Bank responded on March 30, 2009 that it would refer the matter to its

11  legal counsel, but Plaintiff was never contacted by such legal counsel. Defendant Marshall Bank,

12  through its counsel, denied that it had failed to deliver the required notice, and denied that it was

13  in default of the Subordination Agreement. Plaintiff has demanded that said Bank Defendants

14  perform their obligations, and said Defendants have either failed to respond, or refused to do so.

15  Plaintiff is informed and believes and thereon alleges that further demands would be futile.

16      60.    As a proximate result of the Bank Defendants' breach of contract herein alleged,

17  Plaintiff has suffered damages in excess of $4 million, as herein alleged. Plaintiff will amend this

18  complaint to state the exact amount of such damages when ascertained.

19      Wherefore, Plaintiff prays for Judgment as hereinafter set forth.

20                          **FIFTH CAUSE OF ACTION**

21      (*For Constructive Trust Based upon Fraud and Unjust Enrichment,  Against Defendants
Marshall Bank, Marshall Group, Marshall BankFirst, Nara Bank, Golden Security Bank, First
22  Private Bank & Trust, Saigon National Bank, Community Business Bank, the Bank Defendants,
Statewide Foreclosure Services and the Doe Defendants*)

23

24      61.    Plaintiff realleges and incorporates herein by reference each of the allegations of

paragraphs 1 through 60 of this First Amended Complaint.
25

26      62.    Until August 5, 2009, Plaintiff held a valid, unimpaired security interest in the

Property by virtue of the IFA Deed of Trust, securing the IFA Loan.  Plaintiff fully performed all
27
of its obligations under the IFA loan documents, the Subordination Agreement and IFA Deed of
28
Trust to maintain that security interest.

63.     Plaintiff is informed and believes and thereon alleged that the Bank Defendants wrongfully acquired Plaintiff's security interest and title in the Property and wrongfully acquired title to the Property by Trustee's Deed on or about August 5, 2009 by wrongfully initiating and by having Defendant Statewide Foreclosure Services conduct nonjudicial foreclosure proceedings based upon a concocted and  non-material default by Twelve Oaks.  Such foreclosure was wrongful by the Defendant Statewide Foreclosure Services and the Bank Defendants in that it constituted a fraud upon Plaintiff and Twelve Oaks and breached the contractual agreements and implied contractual duties between the Bank Defendants and acquired title free of Plaintiff and the Bank Defendants and Twelve Oaks.  Plaintiff was also not given proper notice of the foreclosure proceedings as required by its Subordination Agreement.

64.     By virtue of the wrongful foreclosure and other improper actions, Plaintiff is informed and believes and thereon alleged that the Bank Defendants acting through Marshall Bank acquired the Property for a credit bid of only $1 million, far less than the Property's fair market value, and in doing so, purportedly wiped out the IFA Deed of Trust and acquired title free of Plaintiff's interest in the Property.  Plaintiff is informed and believes and thereon alleges that Defendant Statewide Foreclosure Services and the Bank Defendants, acting by and through Marshall Bank, have been unjustly enriched by acquiring and retaining the Property at far less than its market value, also taking into account that the Bank Defendants never fully funded Marshall Bank – Twelve Oaks Loan, and breached their obligations to do so.  Plaintiff is informed and believes and thereon alleged that the Bank Defendants declared the Marshall Bank – Twelve Oaks Loan in default without any basis for doing so in order to avoid its own obligation to fund the development and construction loan.  Plaintiff is informed and believes and thereon alleged that the Defendant Statewide Foreclosure Services and the Bank Defendants then used this concocted default as a predicate for its foreclosure proceedings and foreclosure sale under the Marshall Bank Deed of Trust.  Plaintiff is informed and believes and thereon alleged that the such foreclosure proceedings were also conducted by said Defendants in violation fo Civil Code section 2924, et seq.

65.     Accordingly, Defendant Statewide Foreclosure Services and/or the Bank

1   Defendants hold the Property as an involuntary trustee for Plaintiff to the extent of Plaintiff's

2   security interest worth $3.75 million plus accrued interest and other costs and related expenses.

3   Plaintiff hereby requests that Court declare said Defendants to be an involuntary trustee in the

4   Property for the benefit of Plaintiff, to the extent of Plaintiff's security interest and the $3.75

5   million IFA Loan, plus accrued interest and other costs and related expenses, and be enjoined

6   from disposing of the Property without giving effect to the lien of the IFA Deed of Trust, and

7   holding for the benefit of Plaintiff either its security interest worth $3.75 million plus accrued

8   interest and other costs and related expenses, and/or the proceeds of any sale or disposition of the

9   Property, in said amounts.

10          Wherefore, Plaintiff prays for Judgment as hereinafter set forth.

11                              **SIXTH CAUSE OF ACTION**

12                          *(For Quiet Title,  Against All Defendants)*

13          66.     Plaintiff realleges and incorporates herein by reference each of the allegations of

14   paragraphs 1 through 65 of this First Amended Complaint.

15          67.     Plaintiff is informed and believes, and thereon alleges, that its interest in the IFA

16   Deed of Trust herein alleged, a copy of which is attached as Exhibit D, was wrongfully foreclosed

17   out by Defendant Statewide Foreclosure Services and the Bank Defendants as herein alleged, and

18   that the IFA Deed of Trust should be valid, and in full force and effect as a lien against the

19   Property in the hands of Twelve Oaks, or Statewide Foreclosure Services and/or the Bank

20   Defendants, as their respective interests may appear, or in the hands of any successors in interest

21   thereto.  In the alternative, Plaintiff alleges it has an equitable interest in the Property arising as a

22   result of the wrongful foreclosure of its security interest in the Property.   An actual controversy

23   has now arisen and exists as between the Plaintiff and the Defendants, and each of them, in that

24   Plaintiff contends that the IFA Deed of Trust should be valid, and in full force and effect as a lien

25   against the Property in the hands of Twelve Oaks, or Statewide Foreclosure Services and/or the

26   Bank Defendants, as their respective interests may appear, or in the hands of any successors in

27   interest thereto; and that Plaintiff has an equitable interest in the Property arising as a result of the

28   wrongful foreclosure of its security interest in the Property; and that Plaintiff is informed and

VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  believes and thereon alleges that  Defendants deny such contentions, and that each of the

2  Defendants contend that Plaintiff has no interest in the Property and that the lien of the IFA Deed

3  of Trust is invalid and no longer exists.

4        68.      Plaintiff is informed and believes, and thereon alleges, that each of the Defendants,

5  including but not limited to Twelve Oaks and the unknown defendants, claims an interest adverse

6  to Plaintiff's interest in the Property, as the holder of purported title pursuant to a Trustee's Deed

7  following the wrongful foreclosure sale under the Marshall Bank Deed of Trust, held on or about

8  August 5, 2009.

9        69.      Plaintiff is seeking to quiet title against the claims of all the Defendants, including

10  but not limited to the unknown defendants, and requests that the Court issue Declaratory

11  Judgment as follows: (a) that the Trustee's Deed resulting from the foreclosure of the Marshall

12  Bank Deed of Trust on or about August 5, 2009 as herein alleged is invalid, resulting from a

13  wrongful foreclosure based upon the Bank Defenants' fraudulent activity and in violation of the

14  Bank Defendants contractual obligations and duties to Plaintiff and Twelve Oaks, conducted

15  without notice required to Plaintiff, and legally deficient for other reasons; and (b) that said

16  Trustee's Deed shall be cancelled, vacated and set aside; and that (c) Plaintiff's deed of trust

17  herein alleged remains valid and in full force and effect as against Twelve Oaks, the Bank

18  Defendants, and each and all of the Defendants, including but not limited to ALL PERSONS

19  UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR

20  INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO

21  PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO, and that title

22  thereto be quieted in Plaintiff's name.

23        **WHEREFORE, PLAINTIFF prays for judgment as follows**:

24        1.      On the First through Fourth Causes of Action, for general, special and

25  consequential damages according to proof, but in the sum of at least $4 million;

26        2.      For interest thereon, and prejudgment interest, at the legal rate;

27        3.      On the Second and Third causes of action only, for punitive and exemplary

28  damages, according to proof;

1          4.      On the Fifth Cause of Action for a declaration that Defendants hold their

2 interest in the Property as an involuntary trustee for the benefit of Plaintiff, to the extent of their

3 security interest and the $3.75 million IFA Loan plus accrued interest and other costs and related

4 expenses, and be enjoined from disposing of the Property without giving effect to the lien of the

5 IFA Deed of Trust, and holding for the benefit of Plaintiff either its security interest worth $3.75

6 million plus accrued interest and other costs and related expenses, and/or the proceeds of any sale

7 or disposition of the Property, in said amounts.

8          5.      On the Sixth Cause of Action for a declaration that (a) that the Trustee's

9 Deed resulting from the foreclosure of the Marshall Bank Deed of Trust on or about August 5,

10 2009 as herein alleged is invalid; and (b) that said Trustee's Deed be cancelled, vacated and set

11 aside; and that (c) Plaintiff's IFA Deed of Trust herein alleged remains valid and in full force and

12 effect as against Twelve Oaks, the Bank Defendants, and each and all of the Defendants, including

13 but not limited to ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE

14 RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE

15 COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S

16 TITLE THERETO, and that title thereto be quieted in Plaintiff's name.

17          6.      For Plaintiff's attorney's fees and costs incurred herein; and

18          7.      For such other and further relief as the Court deems proper.

19

20

21 Dated: August 5, 2009          THE SALL LAW FIRM
                            A Professional Corporation

22

23

                            By: _____

24                            ROBERT K. SALL
                            Attorneys for Plaintiff

25

26

27

28

VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**VERIFICATION**

STATE OF NEVADA, COUNTY OF CLARK

    I have read the foregoing **VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** and know its contents.

    I am the authorized representative and an officer of the Plaintiff in this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

    Executed on August 5, 2009 at Las Vegas, Nevada.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Name: William Dyer

# EXHIBIT A



**United General Title Insurance Co**
**National Commercial Division**
1200 Newport Center, Suite 180 • Newport Beach, CA 92660

*Borrower's Final Settlement Statement*

| | |
|---|---|
| Property: Approximately 640 Acres, Rancho California Road, Temecula, CA | File No : 268376-KT |
| | Officer: Kellie S. Thompson/kst |
| | Settlement Date: 06/25/2007 |
| | Disbursement Date: 06/25/2007 |
| | Print Date: 6/25/2007, 2:33 PM |

Borrower: Twelve Oaks Partners, LLC

| Charge Description | Borrower Charge | Borrower Credit |
|---|---|---|
| **Deposits in Escrow:** | | |
| Receipt No. 8003958 on 06/18/2007 by First American Title on behalf of Twelve Oaks Partners | | 6,887,408.40 |
| | | |
| **New Loan(s):** | | |
| Lender: Marshall BankFirst Corp. | | |
| New Loan Amount - Marshall BankFirst Corp. | | 59,590,000.00 |
| Interest Credit @$0.000000/day - Marshall BankFirst Corp. | | 22,739.88 |
| Commitment Fee - Marshall BankFirst Corp. | 1,191,800.00 | |
| Good Faith Deposit - Marshall BankFirst Corp. | | 50,000.00 |
| Legal Fees - Marshall BankFirst Corp. | 5,200.00 | |
| Appraisal Fee - Marshall BankFirst Corp. | 15,000.00 | |
| Documentation Fee - Marshall BankFirst Corp. | 59,590.00 | |
| BankFirst Costs - Marshall BankFirst Corp. | 8,032.48 | |
| Interest Reserve - Marshall BankFirst Corp. | 6,300,000.00 | |
| Undisbursed Funds Held - Marshall BankFirst Corp. | 21,092,400.92 | |
| | | |
| Broker Fee 156 - to Chase Financial Corp | 595,900.00 | |
| | | |
| Lender: Integrated Financial Associates | | |
| New Loan Amount | | 3,750,000.00 |
| | | |
| **Payoff Loan(s):** | | |
| Lender: IFA | | |
| Principal Balance #25-029 | 32,650,000.00 | |
| Interest on Payoff Loan #25-029 thru 6-6-07. | 808,005.92 | |
| Interest in addition #25-029 06/07/07 to 06/22/07 @$12243.750000/day | 195,900.00 | |
| Interest on Payoff Loan #26-025 thru 6-6-07 | 157,410.00 | |
| Interest in Addition #26-025 06/07/07 to 06/22/07 @$2385.000000/day | 38,160.00 | |
| Principal Balance #26-025 | 4,770,000.00 | |
| | | |
| Lender: D.R. Horton | | |
| Principal Balance | 1,950,000.00 | |
| | | |
| **Title/Escrow Charges to:** | | |
| Endorsements - United General Title Insurance Co National Commercial Division | 7,150.00 | |
| Policy-Extended ALTA 1992 Lender's - United General Title Insurance Co National Commercial Division | 38,967.50 | |
| Policy-Extended ALTA 1992 Lender's - United General Title Insurance Co National Commercial Division | 125.00 | |
| Messenger Service - United General Title Insurance Co National Commercial Division | 25.00 | |
| Closing-Escrow Fee - United General Title Insurance Co National Commercial Division | 5,000.00 | |
| Wire Transfer Service - United General Title Insurance Co National Commercial Division | 100.00 | |
| Record Deed of Trust - United General Title Insurance Co National Commercial Division | 112.00 | |
| Record UCC Statement x 2 - United General Title Insurance Co National Commercial Division | 40.00 | |
| Record Release /Reconveyance x 4 - United General Title Insurance Co National Commercial Division | 80.00 | |
| | | |
| **Disbursements Paid:** | | |
| Pelsorek Caudell Inc. Invoice 07-0187 | 484.88 | |
| Invoice 91261 to Developers Research | 1,037.50 | |
| Stantec Consulting Inc. Invoice 142930 | 1,018.50 | |
| GeoSoils, Inc. Invoice 48415 | 3,264.80 | |
| Invoice 91170 to Developers Research | 3,262.50 | |
| Professional Services 5/7/07 thru 5/29/07 to Law Offices of Kent Snyder | 14,812.00 | |
| Professional Services 5/1/07 thru 5/10/07 to Law Offices of Kent Snyder | 4,686.00 | |
| Stantec Consulting Inc. Invoice 142926 | 1,244.52 | |
| Invoice 91132 to Developers Research | 2,362.50 | |
| Pelsorek Caudell Inc. Invoice 07-0138 | 9,800.00 | |
| Stantec Consulting Inc. Invoice 138459 | 25,397.52 | |
| Stantec Consulting Inc. Invoice 134468 | 114,727.00 | |
| GeoSoils, Inc. Invoice 48215 | 9,136.38 | |
| GeoSoils, Inc. Invoice 48661 | 1,029.34 | |
| Vandermost Consulting Services, Inc. Invoice | 640.00 | |
| Tax Install. 2nd w/non: 964-190-002/5 2006/07 to Riverside County Tax Collector | 2,930.74 | |
| Tax Install. 2nd w/non: 964-190-003-6 2006/07 to Riverside County Tax Collector | 2,928.16 | |

Initials: _____

MB 03908

Continued From Page 1

### *Borrower's Final Settlement Statement*

| Settlement Date: | 06/25/2007 | | File No: | 268376-KT |
| Print Date: | 6/25/2007 | | Officer: | Kellie S. Thompson/kst |

| Charge Description | Borrower Charge | Borrower Credit |
|---|---|---|
| Tax Install. 2nd w/pen: 964-190-004-7 2006/07 to Riverside County Tax Collector | 3,136.39 | |
| Tax Install. 2nd w/pen: 964-190-005-8 2006/07 to Riverside County Tax Collector | 3,137.42 | |
| Tax Install. 2nd w/pen: 964-190-006-9 2006/07 to Riverside County Tax Collector | 2,511.90 | |
| Tax Install. 2nd w/pen: 964-190-007-0 2006/07 to Riverside County Tax Collector | 3,554.51 | |
| Tax Install. 2nd w/pen: 964-190-008-1 2006/07 to Riverside County Tax Collector | 22,408.99 | |
| Tax Install. 2nd w/pen: 964-160-001-1 2006/07 to Riverside County Tax Collector | 13,819.51 | |
| Tax Install. 2nd w/pen: 964-160-002-2 2006/07 to Riverside County Tax Collector | 13,819.51 | |
| Tax Installments w/pen: 964-160-004-4 2006/07 to Riverside County Tax Collector | 143,721.70 | |
| Tax Install. 2nd w/pen: 964-190-001-4 2006/07 to Riverside County Tax Collector | 2,722.69 | |
| | | |
| Cash (X To) Borrower | 3,520.30 | |
| | | |
| Totals | 70,300,148.28 | 70,300,148.28 |
| | | |

Randall W. Blanchard

Initials:

Page 2 of 2

MB 03909

# EXHIBIT B

## SUBORDINATION AGREEMENT

This Agreement (**"Agreement"**) is made as of June __, 2007 between **INTEGRATED FINANCIAL ASSOCIATES, INC.**, a Nevada corporation (**"Subordinated Creditor"**) and **MARSHALL BANK, N.A.**, a national banking association (**"Senior Creditor"**).

Senior Creditor has agreed to provide certain financial accommodations to the Borrower.

Subordinated Creditor has agreed to provide certain financial accommodations to the Borrower.

As a condition to Senior Creditor's willingness to provide or to continue to provide its financial accommodations to Borrower, Senior Creditor has required, among other things, the execution and delivery by Subordinated Creditor of this Agreement.

ACCORDINGLY, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Subordinated Creditor and Senior Creditor hereby agree as follows:

1.    **Definitions.**

As used in this Agreement, the following terms have the meanings given below:

"**Agreement**" means this Agreement as amended, supplemented, modified, replaced, renewed or restated from time to time.

"**Borrower**" means Twelve Oaks Partners, LLC, a California limited liability company.

"**Permitted Payment**" means "NONE".

"**Project**" means the project or undertaking the subject of the financing provided by Lender to Borrower under the Senior Loan Agreement.

"**Restricted Payment**" means any payment of any kind (other than a Permitted Payment paid in accordance with this Agreement) from any source on account of the Subordinated Obligations (including, without limitation, any issuance of any equity interest or distributions on any equity interest relating to the Subordinated Obligations or to the issuance of the Subordinated Obligations).

"**Senior Collateral**" means any real, personal or mixed property now or hereafter securing the Senior Obligations, together with all products and proceeds thereof.

"**Senior Creditor**" has the meaning given in the preamble.

"Senior Default" means a default or event of default (however styled or named) under the Senior Documents or any other document, instrument or agreement evidencing, securing, governing or otherwise relating to any Senior Obligations.

"Senior Documents" means the Senior Loan Agreement, the Loan Documents (as defined in the Senior Loan Agreement) and each other document, instrument and agreement from time to time evidencing, securing, governing or otherwise relating to the indebtedness described in the Senior Loan Agreement, as each of the foregoing may be amended, supplemented, modified, replaced, renewed or restated from time to time.

"Senior Loan Agreement" means the Development Loan Agreement dated as of June __, 2007 between Senior Creditor and Borrower.

"Senior Obligations" means each and every debt, liability and obligation of every type and description (and all modifications, extensions and renewals thereof and substitutions therefor) which Borrower may now or at any time hereafter owe to Senior Creditor (including, but not limited to the debts, liabilities and obligations under the Senior Documents), whether such debt, liability or obligation now exists or is hereafter created or incurred, and whether it is or may be direct or indirect, due or to become due, absolute or contingent, primary or secondary, liquidated or unliquidated, or joint, several or joint and several, including, without limitation any interest accruing thereon at the legal rate after the commencement of any bankruptcy proceeding and any additional interest that would have accrued thereon but for the commencement of such bankruptcy proceeding.

"Senior Obligor" means Borrower and each guarantor or any other person or entity from time to time liable for the repayment of the Senior Obligations.

"Subordinated Creditor" has the meaning specified in the preamble.

"Subordinated Documents" means the Subordinated Project Document and each other document, instrument and agreement from time to time evidencing, securing or otherwise relating to the indebtedness described in the Subordinated Project Document, as each of the foregoing may be amended, supplemented, modified, replaced, renewed or restated from time to time.

"Subordinated Obligations" means each and every debt, liability and obligation of every type and description (and all modifications, extensions and renewals thereof and substitutions therefor) which Borrower may now or at any time hereafter owe to Subordinated Creditor (including, but not limited to the debts, liabilities and obligations under the Subordinated Documents), whether such debt, liability or obligation now exists or is hereafter created or incurred, and whether it is or may be direct or indirect, due or to become due, absolute or contingent, primary or secondary, liquidated or unliquidated, or joint, several or joint and several, including, without limitation any interest accruing thereon at the legal rate after the

commencement of any bankruptcy proceeding and any additional interest that would have accrued thereon but for the commencement of such bankruptcy proceeding.

"Subordinated Project Document" means the loan agreement, promissory note or other agreement, instrument or document evidencing the Subordinated Obligations incurred by Borrower to Subordinated Creditor in connection with the Project.

2.   **Subordination.**

Payment of the Subordinated Obligations is hereby expressly subordinated to the prior irrevocable payment in full of all Senior Obligations.

3.   **Security Interest Subordination.**

If Subordinated Creditor now or hereafter holds any security interest in the Senior Collateral, Senior Creditor's security interest in the Senior Collateral will at all times be and remain superior in right and priority to any security interest of Subordinated Creditor in the Senior Collateral for all purposes whatsoever regardless of any superior or other right or priority in the Senior Collateral available to Subordinated Creditor by law or agreement or in equity. Subordinated Creditor agrees that it will not at any time contest the validity, perfection, priority or enforceability of the Senior Obligations or the liens and security interests of Senior Creditor in the Senior Collateral.

4.   **Restricted Payments and Permitted Payments.**

Subordinated Creditor will not demand, receive or accept any Restricted Payment. Subordinated Creditor may accept a Permitted Payment (but not prior to the due date thereof) so long as no Senior Default then exists or would result from the making of the subject Permitted Payment.

5.   **Receipt of Prohibited Payments.**

Subordinated Creditor will hold the amount of any Restricted Payment in trust for Senior Creditor and will promptly turn over such Restricted Payment to Senior Creditor in the form received (except for the endorsement of Subordinated Creditor where necessary) for application to the then existing Senior Obligations (whether or not then due) in such manner and order of application as selected by Senior Creditor in its sole and absolute discretion. If Subordinated Creditor fails to make any endorsement required under this Agreement, Senior Creditor, or any of its officers, employees or agents on behalf of Senior Creditor, is hereby irrevocably appointed as the attorney-in-fact for Subordinated Creditor (which appointment is coupled with an interest) to make such endorsement in Subordinated Creditor's name.

6.   **Action on Subordinated Debt.**

Subordinated Creditor will not accelerate all or any part of the Subordinated Obligations, commence any action or proceeding against the Borrower or any other Senior Obligor to recover all or any part of the Subordinated Obligations, or join with any creditor (unless the

Twelve Oak Partners, LLC                                                                                    v2
Subordination Agreement

3



Senior Creditor shall so join) in bringing any proceeding against the Borrower or any other Senior Obligor under any bankruptcy, reorganization, readjustment of debt, arrangement of debt, receivership, liquidation or insolvency law or statute of the federal or any state government, or take possession of, sell, or dispose of any Senior Collateral or any other collateral, or exercise or enforce any right or remedy available to the Subordinated Creditor with respect to the Senior Collateral or any other collateral, unless and until the Senior Obligations have been irrevocably paid in full and all obligations of the Senior Creditor to lend money to or make other financial accommodations for or on behalf of the Borrower have terminated or expired.

**7.      Senior Creditor Foreclosure of Collateral.**

Notwithstanding any security interest now held or hereafter acquired by Subordinated Creditor, Senior Creditor may take possession of, sell, dispose of, and otherwise deal with all or any part of the Senior Collateral, and may enforce any right or remedy available to it with respect to the Senior Collateral, or against Borrower or any other Senior Obligor, all without notice to or consent of Subordinated Creditor; provided, however, that Senior Creditor agrees not to conduct any foreclosure on the Senior Collateral without giving Subordinated Creditor thirty (30) business days prior written notice thereof (an "<u>Enforcement Notice</u>").  Subordinated Creditor, at its option in its sole discretion, may elect to terminate the Senior Obligations by paying Senior Creditor an amount equal to the Senior Obligations within thirty (30) business days of receiving an Enforcement Notice.  Concurrently with payment to Senior Creditor by Subordinated Creditor of the Senior Obligations, Senior Creditor shall execute such reconveyance documents as are reasonably necessary to terminate the Senior Obligations.

**8.      Bankruptcy and Insolvency.**

In the event of any receivership, insolvency, bankruptcy, assignment for the benefit of creditors, reorganization or arrangement with creditors, whether or not pursuant to bankruptcy law, the sale of all or substantially all of the assets of the Borrower or any other Senior Obligor, dissolution, liquidation or any other marshaling of the assets or liabilities of the Borrower or any other Senior Obligor, Subordinated Creditor will file all claims, proofs of claim or other instruments of similar character necessary to enforce the obligations of the Borrower and the other Senior Obligors in respect of the Subordinated Obligations and will hold in trust for Senior Creditor and promptly pay over to Senior Creditor in the form received (except for the endorsement of Subordinated Creditor where necessary) for application to the then-existing Senior Obligations, any and all moneys, dividends or other assets received in any such proceedings on account of the Subordinated Obligations, unless and until the Senior Obligations have been irrevocably paid in full and all obligations of Senior Creditor to lend money to or make other financial accommodations for or on behalf of Borrower have terminated or expired. If Subordinated Creditor shall fail to take any such action, Senior Creditor, as attorney-in-fact for Subordinated Creditor, may take such action on Subordinated Creditor's behalf.  Subordinated Creditor hereby irrevocably appoints Senior Creditor, or any of its officers or employees on behalf of Senior Creditor, as the attorney-in-fact for Subordinated Creditor (which appointment is coupled with an interest) to demand, sue for, collect and receive any and all such moneys, dividends or other assets and

give acquittance therefor and to file any claim, proof of claim or other instrument of similar character, and to take such other action in Senior Creditor's own name or in the name of Subordinated Creditor as Senior Creditor may deem necessary or advisable for the enforcement of the agreements contained herein; and Subordinated Creditor will execute and deliver to Senior Creditor such other and further powers-of-attorney or instruments as Senior Creditor may request in order to accomplish the foregoing.

## 9. Subordinated Creditor Waivers

Subordinated Creditor acknowledges and agrees that Senior Creditor is not and will not be deemed the agent of Subordinated Creditor or have any other duty to Subordinated Creditor (other than those specifically imposed by applicable law which cannot be waived by Subordinated Creditor) with respect to the Borrower, any other Senior Obligor, any Senior Collateral or any other collateral and in furtherance of, but not in limitation of the foregoing, Subordinated Creditor agrees to waives any right to assert or cause any of the following to the fullest extent permitted by applicable law:

     (a)     any obligation of or right to cause Senior Creditor to preserve, protect, care for, insure, take possession of, collect, dispose of, or otherwise realize upon or against any and all Senior Collateral or any other collateral;

     (b)     any obligation of or right to cause Senior Creditor to marshal the assets of Borrower or any other Senior Obligor;

     (c)     any obligation of or right to cause Senior Creditor to proceed (whether with respect to the institution of actions or proceedings, obtaining judgment, realization or enforcement activities or otherwise) or to proceed in any particular order or manner of application against Borrower, any other Senior Obligor, any Senior Collateral or any other collateral or the failure of Senior Creditor to so proceed;

     (d)     any right to object to, contest, prevent or limit the rights of Senior Creditor to made advances, protective advances or incur any expense whatsoever in the administration of the Senior Obligations, the Senior Collateral or any other collateral;

     (e)     any order of application of proceeds received by Senior Creditor with respect to any Senior Collateral or any other collateral or under any guaranty, it being understood that such proceeds may be applied by Senior Creditor first, to pay or reimburse Senior Creditor for all costs and expenses (including, without limitation, reasonable attorneys' fees) incurred by Senior Creditor in connection with the collection of such proceeds, and, second, to the Senior Obligations in any order selected by Senior Creditor in its sole and absolute discretion;

     (f)     any failure of the Senior Obligations to be enforceable in whole or in part;

(g)     any failure to obtain, perfect or otherwise protect its security interest in any Senior Collateral; and

(h)     any other act, omission, circumstance, event or occurrence that would constitute a defense to the enforcement of this Agreement by Senior Creditor against Subordinated Creditor.

## 10.    Continuing Effect.

This Agreement is and will remain a continuing and irrevocable subordination.  Senior Creditor may, without notice to or consent by Subordinated Creditor and without impairing, or releasing the subordination effected hereby, modify any term of the Senior Obligations including, without limitation:

(a)     modification of any term of the Senior Obligations or any document, instrument or agreement evidencing, securing, governing or otherwise relating to the Senior Obligations (including, without limitation, changes to the interest rate, payment amount, maturity or other payment due date or period or otherwise); provided, however, that in no event shall the principal balance of the Senior Obligations exceed $59,590,000;

(b)     exercise or refrain from exercising any right against or otherwise deal with any Senior Collateral (including, without limitation, sale, exchange, release or other realization against or disposition thereof or failure to do so);

(c)     exercise or refrain from exercising any right against or otherwise deal with, fail to deal with or release any Senior Obligor;

(d)     apply any sums received by Senior Creditor, by whomsoever paid and however realized, to the Senior Obligations in such manner as Senior Creditor determines in its sole and absolute discretion.

## 11.    Transfer of Subordinated Obligations; Legend.

Senior Creditor acknowledges that Subordinated Creditor will transfer some or all of its beneficial interest in the Subordinated Obligations to third party investors; provided, however, that Subordinated Creditor shall at all times have the power of attorney to act on behalf of such investors.  Such powers include, but are not limited to, the power to reconvey, extend, or modify the Subordinated Obligations.  Any such transferee assumes the obligations of Subordinated Creditor hereunder and shall be bound by the provisions of this Agreement.

Other than as provided above, so long any of the Senior Obligations remain outstanding or Senior Creditor has any obligation to make advances to the Borrower, the Subordinated Creditor (i) will not, without the prior written consent of the Senior Creditor, assign, transfer or pledge to any other person or entity any or all of the Subordinated Obligations or agree to a discharge or forgiveness of the same, and (ii) will cause each note, instrument, chattel

Twelve Oak Partners, LLC                                                                                    v2
Subordination Agreement

6

paper or other applicable document, instrument or agreement evidencing any or all of the Subordinated Obligations to bear a legend substantially in the following form (which legend shall in all events be subject to the approval of Senior Creditor):

"This document, instrument or agreement and all other documents, instruments and agreements evidencing the indebtedness and obligations described herein are and shall remain subject to a Subordination Agreement made by Integrated Financial Associates, Inc. in favor of Marshall Bank, N.A., a national banking association."

### 12.    Recordable Documents.

Upon request of Senior Creditor, Subordinated Creditor will execute and deliver to Senior Creditor such additional documents in recordable form as Senior Creditor may reasonably request to evidence and give effect to the subordination effected hereby in the appropriate public records.

### 13.    No Amendment to Subordinated Obligations

Subordinated Creditor will not amend, supplement or otherwise modify the Subordinated Documents or any other document, instrument or agreement evidencing, securing, governing or otherwise relating to the Subordinated Obligations without the prior written consent of the Senior Creditor, which shall not be unreasonably withheld.

### 13.    No Commitment.

None of the provisions of this Agreement will be deemed or construed to constitute or imply any commitment or obligation on the part of Senior Creditor to make any future loans or other extensions of credit or financial accommodations to Borrower or any other Senior Obligor.

### 14.    Notice.

All notices and other communications hereunder shall be in writing and shall be (i)  personally delivered, (ii)  transmitted by registered mail, postage prepaid, (iii)  sent by Federal Express or similar expedited delivery service of national reputation, or (iv)  transmitted by telecopy, in each case addressed to the party to whom notice is being given at its address as set forth below:

>            If to the Senior Creditor:
>            Marshall Bank, N.A.
>            225 South Sixth Street, Suite 2900
>            Minneapolis, MN 55402
>            Attention: Commercial Real Estate Department
>            Telecopier: (612) 692-5181

Twelve Oak Partners, LLC                                                                                v2
Subordination Agreement

If to the Subordinated Creditor:
Integrated Financial Associates, Inc.
2810 W. Charleston Blvd., Suite 77
Las Vega, NV 89102
Attention: Bill Dyer
Telecopier: (702) 257-0031

or at such other address as may hereafter be designated in writing by that party.  All such notices or other communications shall be deemed to have been given on (i)  the date received if delivered personally, (ii)  three business days after the date of posting if delivered by mail, (iii)  the date of receipt, if delivered by Federal Express or similar expedited delivery service, or (iv)  the date of transmission if delivered by telecopy.

### 15.    Conflict in Agreements.

If the subordination provisions of any instrument, document or agreement evidencing, governing, securing or otherwise relating to the *Subordinated Obligations* conflict with the terms of this Agreement, the terms of this Agreement shall govern the relationship between Senior Creditor and Subordinated Creditor.

### 16.    No Waiver.

No waiver will be deemed made by Senior Creditor of any of its rights hereunder unless the same is in writing and signed on behalf of Senior Creditor, and each such waiver, if any, will be a waiver only with respect to the specific matter or matters to which the waiver relates and will in no way impair the rights of the Senior Creditor or the obligations of the Subordinated Creditor to the Senior Creditor in any other respect at any time.

### 17.    Binding Effect; Successors and Assigns; Assignment

This Agreement is binding on Subordinated Creditor and its successors, personal representatives, heirs, transferees and assigns and inures to the benefit of Senior Creditor and its successors, transferees and assigns.  Subordinated Creditor is not permitted to assign its obligations under this Agreement without the prior written consent of Senior Creditor.



18.    **Termination**

This Agreement is and will remain effective until the Senior Obligations have been irrevocably paid in full and all commitments of Senior Creditor to make financial accommodations to or for the benefit of Borrower have expired or been terminated.  If any amount paid on any Senior Obligations is at any time required to be returned by Senior Creditor, this Agreement shall be reinstated and continue to apply as to any amount so required to be returned.

19.    **Miscellaneous.**

This Agreement will be governed by the substantive laws of the State of California without giving effect to its conflicts of laws rules.  Notice of acceptance by the Senior Creditor of this Agreement or of reliance by Senior Creditor on this Agreement is hereby waived by Subordinated Creditor. This Agreement may be executed in any number of counterparts, each of which when so executed and delivered will be deemed to be an original and all of which counterparts of this Agreement, taken together, will constitute but one and the same instrument.

IN WITNESS WHEREOF, Subordinated Creditor and Senior Creditor have executed this Agreement as of the date and year first above-written.

**INTEGRATED FINANCIAL ASSOCIATES, INC.,**
a Nevada corporation

By: _William_____

Its: _President_____


**MARSHALL BANK, N.A.,**
a national banking association

By: _____

Its: _____

[Signature Page to Subordination Agreement]

### Acknowledgment by Borrower

The undersigned, being the Borrower referred to in the foregoing Agreement, hereby acknowledges receipt of a copy thereof and agrees to all of the terms and provisions thereof, and agrees to and with Senior Creditor that it shall make no Restricted Payment that Subordinated Creditor would not be entitled to receive under the provisions of the Agreement.

**TWELVE OAKS PARTNERS, LLC**
a California limited liability company

By: _____

Its: _____

[Borrower acknowledgement to Subordination Agreement]

# EXHIBIT C

27-019

PROMISSORY NOTE SECURED BY SECOND DEED OF TRUST

$3,750,000                                    June____, 2007

The undersigned, Twelve Oaks Partners, LLC, a California limited liability company ("Borrower"), promises to pay to Integrated Financial Associates, Inc., a Nevada corporation and its successors, assigns, or other holders hereof ("Lender"), or order, at Las Vegas, Nevada, or at such other place as Lender may from time to time designate in writing, in lawful money of the United States of America, the principal sum of Three Million Seven Hundred Fifty Thousand Dollars ($3,750,000), or so much thereof as may be advanced (the "Loan") pursuant to the terms of that certain Loan Agreement dated as of the same date as this Note between Lender and Borrower (the "Loan Agreement"), together with interest thereon from the dates of disbursement on the unpaid principal balance at the rate and on the terms set forth below.

1.    Stated Interest Rate. Except as otherwise provided in the following paragraphs of this Note, interest shall accrue on the unpaid principal balance outstanding at the rate of Twenty percent (20%) per year ("Stated Interest Rate") based upon a 360-day year consisting of twelve (12) 30-day months.

2.    Payment Amount. Interest shall accrue on the outstanding principal balance of the Note until the Due Date.

3.    Due Date.  Payment in full shall be made twenty-four (24) months from the date of this Note, upon which date, the then remaining unpaid principal, accrued interest, and all other sums due under this Note shall be paid in full ("Final Payment"). All payments including the Final Payment (both of which are hereafter referred to as payment) on this Note shall be applied first to costs described below, then accrued interest, and the balance to principal.

4.    Security. This Note is secured by, among other things, a second Deed of Trust, Assignment of Rents and Security Agreement of even date herewith.

5.    Prepayment. Borrower may prepay the principal at any time without incurring a penalty.

6.    Default Rate and Late Fee. If the Final Payment, is more than five (5) days delinquent, a late fee of five percent (5%) of the payment(s) shall be due for the administrative cost of involved in handling such delinquent payment. In the event any payment is more than five (5) days delinquent, interest shall then accrue on all of Borrower's obligations to Lender under this Note or other document related to this transaction at the rate the Stated Interest Rate plus 4% per year ("Default

1



Interest Rate") until all obligations due under said documents are paid in full. If any payment is not paid pursuant to the terms of this Note, in addition to the late fee, such payment shall bear interest at the Default Interest Rate from the date said payment becomes due. At no time shall the rate of interest charged in connection with the Loan exceed the legal rate of interest permitted to be charged by the Lender. In the event any law precludes Lender from charging the interest rate otherwise permitted hereunder the interest rate for the period during which such rate is unlawful shall be the highest rate permitted by law and any excessive interest paid shall be applied toward reduction of the outstanding principal balance.

7.  Default. Upon default, defined as a failure to pay or perform any obligation contained in the deed of trust or any obligation contained herein without regard to Borrower's obligation to pay a late fee, all amounts then unpaid under this Note shall bear interest from the date of default at the Default Interest Rate set forth herein, and all sums shall be immediately due and payable. Failure to make any payment of principal and interest, or either of them within 10 days of its due date, or to otherwise perform shall constitute a default and shall, without notice, at the option of the holder hereof, cause all of the unpaid principal of this Note, with interest accrued thereon and any other sums due under the Loan Agreement, Deed of Trust or other instruments to become immediately due and payable. Delay or failure to exercise said options shall not constitute a waiver of the right to exercise same at any time thereafter or in the event of any subsequent default.

8.  No Waiver by Lender . The acceptance of any payment hereunder which is less than payment of all amounts then due and payable shall not constitute a waiver of any of the rights or options of the Lender or to the exercise of those rights and options at the time of such acceptance or at any subsequent time.

9.  Waivers by Borrower.  Each maker or endorser jointly and severally and to the extent permitted by law  waives notice of intent to accelerate, demand, presentment for payment, protest and notice of protest, notice of dishonor, and non-payment of this Note and waives any and all lack of diligence, or delays in the collection or enforcement hereof. Borrower waives any right of setoff now or hereafter arising against obligations due the Lender.

10. **IN THE EVENT THAT AN ACTION AT LAW IS COMMENCED TO ENFORCE ANY OF THE PROVISIONS OF THIS NOTE, THE BORROWER AND LENDER HEREBY WAIVE THE RIGHT TO A TRIAL BY JURY ON ANY TRIABLE ISSUE OF FACT.**

11. Miscellaneous. In the event that suit is brought to enforce this Note or an attorney is employed by Lender or other expenses are incurred by Lender to

2



compel payment of this Note or any portion of the indebtedness evidenced hereby or by the Loan Agreement, whether or not any suit or other proceeding be commenced, Borrower promises to pay all such expenses and actual attorneys' fees, including, without limitation, any attorneys' fees incurred in any negotiation, alternative dispute resolution proceeding subsequently agreed to by the parties, if any, litigation, or bankruptcy proceeding or any appeals from any of such proceedings. This Note shall be construed and enforced in accordance with the laws of the State of California. Borrower agrees that Lender shall have the rights and remedies available to a creditor under the laws of the State of California.

12.  This Note is and shall remain subject to a Subordination Agreement made by Integrated Financial Associates, Inc. in favor of Marshall Bank, N.A., a national banking association.

Borrower:

Twelve Oaks Partners, LLC

By: _____

Its: _____

3

# EXHIBIT D

RECORDING REQUESTED BY
UNITED GENERAL TITLE
NATIONAL COMMERCIAL DIV

DOC # 2007-0411598
06/25/2007 08:00A Fee:112.00
Page 1 of 24
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

Integrated Financial Associates, Inc.
2810 W. Charleston Blvd., Suite 77
Las Vegas, Nevada 89102

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|-----|------|------|-----|------|
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |
| | | | | | T: | | CTY | UNI | |

## DEED OF TRUST

### With Assignment of Rents, Security Agreement and Fixture Filing
### (California)

The parties to this Deed of Trust, made as of June 1, 2007, are TWELVE OAKS PARTNERS, LLC, a California limited liability company, as trustor ("Trustor"), FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation, as trustee ("Trustee"), and INTEGRATED FINANCIAL ASSOCIATES, INC., a Nevada corporation, as beneficiary and secured party ("Beneficiary").

1. Grant in Trust and Secured Obligations.

1.1 Grant in Trust. For the purpose of securing payment and performance of the Secured Obligations defined and described in Section 1.2, Trustor hereby irrevocably and unconditionally grants, conveys, transfers and assigns to Trustee, in trust for the benefit of Beneficiary, with power of sale and right of entry and possession, all estate, right, title and interest which Trustor now has or may later acquire in and to the following property (all or any part of such property, or any interest in all or any part of it, as the context may require, the "Property"):

(a) The real property located in the City of Temecula, County of Riverside, State of California, as described in Exhibit A, together with all existing and future easements and rights affording access to it (the "Land"); together with

(b) All buildings, structures and improvements now located or later to be constructed on the Land (the "Improvements"); together with

(c) All existing and future appurtenances, privileges, easements, franchise and tenements of the Land, including all minerals, oil, gas, other hydrocarbons and associated

substances, sulfur, nitrogen, carbon dioxide, helium and other commercially valuable substances which may be in, under or produced from any part of the Land, all development rights and credits, air rights, water, water rights (whether riparian, appropriative or otherwise, and whether or not appurtenant) and water stock, and any land lying in the streets, roads or avenues, open or proposed, in front of or adjoining the Land and Improvements; together with

(d) All existing and future leases, subleases, subtenancies, licenses, occupancy agreements and concessions ("leases") relating to the use and enjoyment of all or any part of the Land and Improvements, and any and all guarantees and other agreements relating to or made in connection with any of such leases; together with

(e) All real property and improvements on it, and all appurtenances and other property and interests of any kind or character, whether described in Exhibit A or not, which may be reasonably necessary to promote the present and any reasonable future beneficial use and enjoyment of the Land and Improvements; together with

(f) All goods, materials, supplies, chattels, furniture, fixtures, equipment and machinery, now or later to be attached to, placed in or on, or used in connection with the use, enjoyment, occupancy or operation of all or any part of the Land and Improvements, whether stored on the Land or elsewhere, including all pumping plants, engines, pipes, ditches and flumes, and also all gas, electric, cooking, heating, cooling, air conditioning, lighting, refrigeration and plumbing fixtures and equipment, all of which shall be considered to the fullest extent of the law to be real property for purposes of this Deed of Trust; together with

(g) All building materials, equipment, work in process or other personal property of any kind, whether stored on the Land or elsewhere, which have been or later will be acquired for the purpose of being delivered to, incorporated into or installed in or about the Land or Improvements; together with

(h) All construction contracts and subcontracts, consulting agreements, service and maintenance agreements, marketing and listing agreements, lot elevation agreements, purchase and sale agreements, and other existing and future contracts relating to the Property, together with all deposits, escrows, payments, or other proceeds thereunder; together with

(i) All rights to the payment of money, accounts, accounts receivable, reserves, deferred payments, refunds, cost savings, payments and deposits, whether now or later to be received from third parties (including all earnest money sales deposits) or deposited by Trustor with third parties (including all utility deposits), contract rights, development and use rights, governmental permits and licenses, applications, architectural and engineering plans, specifications and drawings, as-built drawings, chattel paper, instruments, documents, notes, drafts and letters of credit (other than letters of credit in favor of Beneficiary), which arise from or relate to construction on the Land or to any business now or later to be conducted on it, or to the Land and Improvements generally; together with

(j) All proceeds, including all claims to and demands for them, of the voluntary or involuntary conversion of any of the Land, Improvements or the other property described above into cash or liquidated claims, including proceeds of all present and future fire, hazard or

-2-

casualty insurance policies and all condemnation awards or payments now or later to be made by any public body or decree by any court of competent jurisdiction for any taking or in connection with any condemnation or eminent domain proceeding, and all causes of action and their proceeds for any damage or injury to the Land, Improvements or the other property described above or any part of them, or breach of warranty in connection with the construction of the Improvements, including cause of action arising in tort, contract, fraud or concealment of a material fact; together with

(k)  All books and records pertaining to any and all of the property described above, including computer readable memory and any computer hardware or software necessary to access and process such memory ("Books and Records"); together with

(l)  All proceeds of, additions and accretions to, substitutions and replacements for, and changes in any of the property described above, including all proceeds of any voluntary or involuntary disposition or claim respecting any such property (arising out of any judgment, condemnation or award, or otherwise arising) and all goods, documents, general intangibles, chattel paper and accounts, wherever located, acquired with cash proceeds of any of the foregoing or its proceeds.

Capitalized terms used above without definition have the meanings given them in the Loan Agreement referred to in subsection 1.2(a) below.

1.2   Secured Obligations.

(a) Trustor makes the grant, conveyance, transfer and assignment set forth in Section 1.1 and grants the security interest set forth in Article 3 for the purpose of securing the following obligations (the "Secured Obligations") in any order of priority that Beneficiary may choose

(i)   Payment of all obligations at any time owing under a promissory note of even date herewith, payable by Trustor as maker in the stated principal amount of Three Million Seven Hundred Fifty Thousand Dollars ($3,750,000) to the order of Beneficiary (the "Note"); and

(ii)  Payment and performance of all obligations of Trustor under this Deed of Trust; and

(iii) Payment and performance of all obligations of Trustor under a Loan Agreement and Escrow Instructions dated as of the same date as this Deed of Trust, by Trustor as "Borrower" and Beneficiary as "Lender" (the "Loan Agreement"); and

(iv)  Payment and performance of all future advances and other obligations that Trustor or any successor in ownership of all or part of the Property may agree to pay and/or perform (whether as principal, surety or guarantor) for the benefit of Beneficiary, when a writing evidences the parties' agreement that the advance or obligation be secured by this Deed of Trust; and

(v)   Payment and performance of all obligations of Trustor arising from any and all existing and future agreements and transactions with Beneficiary which may afford interest rate

-3-