```
 1  SEYFARTH SHAW LLP
 2  Eric R. McDonough (SBN 193956)
       emcdonough@seyfarth.com
 3  Daniel Hargis (SBN 224226)
       dhargis@seyfarth.com
 4  Daniel R. Sable (SBN 245171)
       dsable@seyfarth.com
 5  2029 Century Park East, Suite 3500
    Los Angeles, California 90067-3021
 6  Telephone: (310) 277-7200
 7  Facsimile: (310) 201-5219

 8  SEYFARTH SHAW LLP
 9  Lawrence E. Butler (SBN 111043)
       lbutler@seyfarth.com
10  Robin M. Cleary (SBN 192489)
       rcleary@seyfarth.com
11  560 Mission Street, 31st Floor
    San Francisco, California 94105
12  Telephone: (415) 397-2823
13  Facsimile: (415) 397-8549

14  Attorneys for Defendant and Cross-Defendant
    FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for
15  MARSHALL BANK, N.A.
```

FILED 2010 FEB 10 PM 12:15 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES BY ___

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGRATED FINANCIAL ASSOCIATES, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALL BANK, N.A., a national banking association; THE MARSHALL GROUP, INC., a Minnesota corporation, MARSHALL BANKFIRST CORPORATION, a Minnesota banking corporation, NARA BANK NATIONAL ASSOCIATION, a nationally chartered | Case No. EDCV10-0209 VAP (OPx)<br><br>**REQUEST FOR MANDATORY STAY**<br><br>[12 U.S.C. § 1821(d)(12)] |

Request for Mandatory Stay / Case No.

LA1 6927902.1

| | |
|---|---|
| 1 | banking corporation, GOLD SECURITY ) |
| 2 | BANK, FIRST PRIVATE BANK & ) TRUST, SAIGON NATIONAL BANK, ) |
| 3 | COMMUNITY BUSINESS BANK, ) TWELVE OAKS PARTNERS, LLC, A ) |
| 4 | California Limited Liability Company, ) STATEWIDE RECONVEYANCE ) |
| 5 | GROUP, INC., DBA STATEWIDE ) FORECLOSURE SERVICES, a ) |
| 6 | California corporation, MB-BONA, ) |
| 7 | LLC, a Minnesota limited liability ) company, MARSHALL FINANCIAL ) |
| 8 | GROUP, LLC, a Delaware limited ) liability company, and DOES 1 through ) |
| 9 | 100, inclusive, ) |
| 10 | ) Defendants. ) |
| 11 | ) |
| 12 | ) |
| 13 | ) TWELVE OAKS PARTNERS, LLC, a ) |
| 14 | California limited liability company; ) |
| 15 | Cross-Complainant, ) |
| 16 | v. ) |
| 17 | ) MARSHALL BANK, N.A., a national ) |
| 18 | bank; THE MARSHALL GROUP, INC., ) a Minnesota corporation; MARSHALL ) |
| 19 | BANKFIRST CORPORATION, a ) Minnesota banking corporation; NARA ) |
| 20 | BANK NATIONAL ASSOCIATION, a ) |
| 21 | nationally chartered banking corporation; ) GOLDEN SECURITY BANK; FIRST ) |
| 22 | PRIVATE BANK & TRUST; SAIGON ) NATIONAL BANK; COMMUNITY ) |
| 23 | BUSINESS BANK; INTEGRATED ) |
| 24 | FINANCIAL ASSOCIATES, INC., a ) Nevada corporation; STATEWIDE ) |
| 25 | RECONVEYANCE GROUP, INC., ) DBA STATEWIDE FORECLOSURE ) |
| 26 | SERVICES, a California corporation; ) |
| 27 | ALL PERSONS UNKNOWN, ) CLAIMING ANY LEGAL OR ) |
| 28 | |

| | |
|---|---|
| 1 | EQUITABLE RIGHT, TITLE, ESTATE, ) |
| 2 | LIEN OR INTEREST IN THE ) |
|   | PROPERTY DESCRIBED IN THE ) |
| 3 | COMPLAINT ADVERSE TO ) |
|   | PLAINTIFF'S TITLE, OR ANY ) |
| 4 | CLOUD ON PLAINTIFF'S TITLE ) |
|   | THERETO and ROES 1 through 65, ) |
| 5 | inclusive, ) |
| 6 | ) |
|   | Cross-Defendants. ) |
| 7 | ) |
| 8 | ) |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that Defendant and Cross-Defendant Federal Deposit Insurance Corporation ("FDIC"), as Receiver for defendant/cross-defendant Marshall Bank, N.A. ("Marshall Bank"), hereby requests a mandatory stay of this action, including any cross-claims, pursuant to 12 U.S.C. § 1819(d)(12) for a period of sixty days, to March 30, 2010.

## I. Background

Integrated Financial Associates, Inc. ("IFA") filed the present action on August 3, 2009 in the action titled, *Integrated Financial Associates, Inc. v. Marshall Bank, et al.*, Superior Court of California, County of Riverside, Case No. 532644. On November 23, 2009, Twelve Oaks Partners, LLC ("Twelve Oaks") filed a Verified Cross-Complaint for wrongful foreclosure; quiet title; cancellation of the Trustee's Deed Upon Sale; and equitable indemnity against Marshall Bank and other third parties.

On January 29, 2010, the Office of the Comptroller of the Currency ("OCC") appointed the FDIC as Receiver for defendant/cross-defendant Marshall Bank, and the FDIC accepted its appointment as Receiver of Marshall Bank. (See attached Exhibit 1).

On February 9, 2010, the FDIC as Receiver for Marshall Bank substituted into the action in place of Marshall Bank and on February 10, 2010 removed the action to the United States District Court, Central District of California.

## II. Mandatory Stay is Required Once a Request is Filed

The Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") provides, in pertinent part:

-4-
Request for Mandatory Stay / Case No.

LA1 6927902.1

> After appointment of a . . . receiver for an insured depository institution, the . . . receiver may request a stay for a period not to exceed--. . .(ii) 90 days, in the case of any receiver, in any judicial action or proceeding to which such institution is or becomes a party.

12 U.S.C. §1821(d)(12)(A)

The granting of the stay is mandatory upon the Court's receipt of the FDIC's request for a stay. 12 U.S.C. §1821(d)(12)(A) ("Upon receipt of a request by any ...receiver pursuant to [12 U.S.C. §1821(d)(12)(A)] for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the Court shall grant such stay as to all parties.") (emphasis added). *See also Nassirpour v. F.D.I.C.*, 2008 U.S. Dist. LEXIS 105940, *7 (C.D. Cal. Dec. 29, 2008) (affirming that, if a receiver requests a stay within 90 days of its appointment, it is "automatically entitled to such a stay" under 12 U.S.C. Section 1821(d)(12)).

Although no showing of good cause or other reason is required in order for the FDIC to seek or receive a stay of the litigation pursuant to 12 U.S.C. Section 1821(d)(12), the stay is practical here. The mandatory stay allows the FDIC to, among other things, analyze pending matters by or against the failed institution to which the FDIC was appointed receiver, and to determine how best to proceed. *See e.g. Nassirpour*, 2008 U.S. Dist. LEXIS 105940, *5. In addition, FIRREA provides an administrative claims process which claimants, such as IFA or Twelve Oaks, are required to exhaust before pursuing or continuing litigation against the FDIC as Receiver. *See generally* 12 U.S.C. § 1821(d)(5) (FDIC procedures for reviewing and determining claims against assets of failed institutions) and (6) (claimant has 60 days after receiving FDIC notice of disallowance to file suit or "continue an action commenced before the appointment of the receiver). Unless and until IFA or Twelve Oaks exhaust the FIRREA-mandated administrative

claims process,[1] governing federal law will not allow this Court to provide relief, as sought in their respective complaint and cross-complaint. 12 U.S.C. § 1821(d)(13)(D) ("Except as otherwise provided in this subsection, no court shall have jurisdiction over . . . any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver....:")

Finally, while the law is not uniform among the circuits as to the period for the commencement of the ninety-day stay mandated by FIRREA, the Ninth Circuit has held that the mandatory ninety-day stay is measured from the date the FDIC is appointed as receiver for a failed institution. *Nassirpour*, 2008 U.S. Dist. LEXIS 105940, *7 - 8, *citing to Praxis Properties, Inc. v. Colonial Savings Bank, S.L.A.*, 947 F.2d 49, 71 (3d Cir. 1991); *but see In re George E. Bumpus, Jr. Construction Co.*, 144 B.R. 1, 3 (Bankr. D. Mass. 1992)(disagreeing with the *Praxis Properties* analysis).[2]

///
///
///
///

---

[1] The FDIC as Receiver made information about the administrative claims process publicly available to potential claimants, such as IFA and Twelve Oaks, at http://www.fdic.gov/bank/individual/failed/marshall-mn.html#possible_claims. The FDIC's website provides potential claimants with the form for filing a proof of claim; the address for submitting its proof of claim; and deadline upon which claims must be filed (*i.e.* on or before May 6, 2010).

[2] Insofar as the FDIC is seeking a stay shortly after its appointment as Receiver for Marshall Bank, the difference in approaches is not significant here. Accordingly, this motion seeks a stay measured from January 29, 2010, the date of the FDIC's appointment as Receiver for Marshall Bank. In making this request, the FDIC as Receiver respectfully disagrees with the *Nassirpour* and *Praxis Properties* approach, and the relief sought in this motion should not be construed as the FDIC's concurrence with those cases construction of FIRREA's stay provision.

### III. Conclusion

Based on the foregoing, the FDIC as Receiver of Marshall Bank requests the Court enter an order staying this action, including any cross-claims, for a period of sixty days until March 30, 2010.

DATED: February 10, 2010

SEYFARTH SHAW LLP

By: *[signature]*
Eric R. McDonough
Attorneys for Defendants and Cross-Defendants
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for MARSHALL BANK, N.A.

Exhibit 1

UNITED STATES OF AMERICA
OFFICE OF THE COMPTROLLER OF THE CURRENCY
WASHINGTON, D.C.

Receivership Determination and Appointment of Receiver

Marshall Bank, National Association
Hallock, Minnesota
Charter Number 24393

WHEREAS, the Comptroller of the Currency has delegated to me the authority to appoint a receiver for a national bank under 12 U.S.C. §§ 191 and 1821(c)(5);

WHEREAS, the above-captioned bank ("Bank") is insured by the Federal Deposit Insurance Corporation;

WHEREAS, from information available to the Office of the Comptroller of the Currency ("OCC") and pursuant to 12 U.S.C. § 191, I have determined that the following grounds exist for the appointment of a receiver for the Bank:

(1) The Bank has experienced substantial dissipation of assets or earnings due to any unsafe or unsound practice. 12 U.S.C. § 1821(c)(5)(B)(ii).

(2) The Bank is in an unsafe or unsound condition to transact business. 12 U.S.C. § 1821(c)(5)(C).

(3) The Bank has incurred or is likely to incur losses that will deplete all or substantially all of its capital, and there is no reasonable prospect for the institution to become adequately capitalized (as defined in 12 U.S.C. § 1831o(b)) without Federal assistance. 12 U.S.C. § 1821(c)(5)(G).

(4) The Bank's unsafe or unsound practices or conditions are likely to cause insolvency or substantial dissipation of assets or earnings. 12 U.S.C. § 1821(c)(5)(H)(i).

(5) The Bank's unsafe or unsound practices or conditions are likely to weaken its condition. 12 U.S.C. § 1821(c)(5)(H)(ii).

(6) The Bank is undercapitalized (as defined in 12 U.S.C. § 1831o(b)), and has no reasonable prospect of becoming adequately capitalized (as defined in that section). 12 U.S.C. § 1821(c)(5)(K)(i).

(7) The Bank is undercapitalized (as defined in 12 U.S.C. § 1831o(b)), and has failed to submit a capital restoration plan acceptable to the OCC within the time prescribed under 12 U.S.C. § 1831o(e)(2)(D). 12 U.S.C. § 1821(c)(5)(K)(iii).

(8) The Bank is critically undercapitalized, as defined in 12 U.S.C. § 1831o(b). 12 U.S.C. § 1821(c)(5)(L)(i).

**WHEREAS**, in my discretion, I have determined that the Federal Deposit Insurance Corporation should be appointed Receiver for the Bank;

**NOW THEREFORE**, pursuant to 12 U.S.C. §§ 191 and 1821(c) and the power, duty, and authority vested in me by law, I do hereby appoint the Federal Deposit Insurance Corporation as Receiver for the Bank, with all of the powers, duties, and responsibilities given to or imposed upon a receiver under the provisions of the laws of the United States which authorize and direct the appointment of such receiver.

_____
Jennifer C. Kelly
Senior Deputy Comptroller
Midsize/Community Bank Supervision

Dated: January 29, 2010



**FDIC**

Division of Resolutions and Receiverships
Dallas Regional Office
1601 Bryan St.
Dallas, Texas 75201

Telephone (972) 754-0098

29 January 2010

Office of the Comptroller of the Currency
250 E Street, SW
Washington, DC 20219

Subject:   **Marshall Bank, NA**
           **Hallock, MN**

Dear Sir or Madam:

Please be advised that the Federal Deposit Insurance Corporation accepts its appointment as Receiver of the captioned depository institution, in accordance with the Federal Deposit Insurance Act, as amended.

Sincerely,

By: *Cathleen L Powers*

Cathleen L. Powers,
Receiver in Charge