1  BAKER & HOSTETLER LLP
   ALAN J. KESSEL (SBN 130707)
2  VIKKI L. VANDER WOUDE (SBN 180087)
   600 Anton Boulevard, Suite 900
3  Costa Mesa, California  92626-7221
   Telephone: (714) 754-6600
4  Facsimile:  (714) 754-6611
   Email: akessel@bakerlaw.com
5  Email: vvanderwoude@bakerlaw.com

6  LANE POWELL PC
   PAUL B. GEORGE (CA SBN 55147)
7  601 S.W. Second Avenue, Suite 2100
   Portland, Oregon 97204-3158
8  Telephone: (503) 778-2100
   Facsimile:  (503) 778-2200
9  Email: georgep@lanepowell.com

10 Attorneys for Defendants
   NARA BANK NATIONAL ASSOCIATION,
11 GOLDEN SECURITY BANK, FIRST PRIVATE
   BANK & TRUST, SAIGON NATIONAL BANK, and
12 COMMUNITY BUSINESS BANK

13              UNITED STATES DISTRICT COURT

14      CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

15

16 INTEGRATED FINANCIAL            Case No. EDCV 10-0209-AG(OPx)
   ASSOCIATES INC., a Nevada
   corporation,                   **PARTICIPANT BANK
17                                 DEFENDANTS' MOTION TO
            Plaintiff,             DISMISS PLAINTIFF'S SECOND
18                                 AMENDED COMPLAINT**

19      vs.                        [Filed concurrently with Request for
                                   Judicial Notice]
20 MARSHALL BANK, N.A., et al.,

21          Defendants.

22

23 AND RELATED COUNTER AND         Date:      November 21, 2011
   CROSS CLAIMS                    Time:      10:00 a.m.
24                                 Ctrm.:     10D
                                   Judge:     Hon. Andrew J. Guilford
25

26

27

28
   503778422

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 21, 2011, at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 10D of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, California, Defendants Nara Bank National Association, Golden Security Bank, First Private Bank & Trust, Saigon National Bank and Community Business Bank (collectively, the "Participant Banks"), will and hereby do move pursuant to Local Rule 83-2.10.1, this Court's April 11, 2011 Order, and governing case and statutory law, to dismiss Plaintiff Integrated Financial Associates, Inc.'s ("IFA") Second Amended Complaint ("SAC"), with prejudice, on the grounds that IFA, a Nevada corporation, has continually failed to retain new counsel prerequisite to the maintenance of the SAC notwithstanding this Court's April 11, 2011 Order entered nearly seven months ago, expressly advising IFA, that "because it is a corporate plaintiff, [] it must find an attorney to represent it if [IFA] chooses to continue prosecuting this case.  If [IFA] fails to do so, [IFA] COULD LOSE THIS CASE."  (Emphasis in original; citation omitted).

Pursuant to Local Rule 7-3, counsel attempted, but were unable, to reach a resolution of this Motion eliminating the need for a hearing.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, all pleadings, papers and records on file in this action and upon such other

///

///

///

///

///

///

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

503778422

1

1  additional arguments and evidence, both written and oral, as may be presented at or
2  before the hearing on this Motion.
3  Dated: October 24, 2011        BAKER & HOSTETLER LLP
4
5                                 By: /s/ Alan J. Kessel
                                       Alan J. Kessel
6                                      Attorneys for Defendants
                                       NARA BANK NATIONAL
7                                      ASSOCIATION, GOLDEN SECURITY
                                       BANK, FIRST PRIVATE BANK &
8                                      TRUST, SAIGON NATIONAL BANK, and
                                       COMMUNITY BUSINESS BANK
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

503778422

2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On March 14, 2011, Plaintiff Integrated Financial Associates, Inc., a Nevada corporation ("IFA"), filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Proceeding" and the "Bankruptcy Court," respectively).[1] Approximately one month later on April 11, 2011, this Court entered an Order granting IFA's former counsel's Motion to Withdraw as Attorney of Record for IFA in this action (the "April 11 Order"). In entering the April 11 Order, the Court specifically advised IFA that:

> YOUR PRESENT COUNSEL WILL NO LONGER BE REPRESENTING THE CORPORATION. [IFA] IS REQUIRED TO FIND OTHER COUNSEL IF [IT] CHOOSES TO CONTINUE PROSECUTING THIS CASE. FAILURE TO DO SO CREATES A RISK THAT [IFA] COULD LOSE THE CASE.
>
> [IFA] is notified that it cannot appear in an action without an attorney because it is a corporate plaintiff, and it must find an attorney to represent it if [IFA] chooses to continue prosecuting this case. (Local Rule 83-2.10.1) If [IFA] fails to do so, [IFA] COULD LOSE THIS CASE." *See* RJN, Exh. "2" at p. 3 (emphasis in original.)

Despite being ordered to do so by this Court in the April 11 Order nearly seven months ago, IFA has continually failed to retain counsel to represent it in this action. Instead, IFA engaged in a series of delaying tactics in the Bankruptcy Proceeding that were designed to, and had the effect of, bringing the prosecution of this action to a halt, while IFA "decide[d] whether or not it wishe[d] to proceed with th[is] case." *See discussion, infra,* at Section II. As a result of various motions filed in the Bankruptcy Proceeding, the Bankruptcy Court entered a number of Orders to bring IFA's delaying tactics to an end, culminating in its October 7, 2011 Order authorizing Defendants Nara Bank National Association, Golden Security Bank, First Private Bank & Trust, Saigon National Bank and

---

[1] *See* concurrently filed Request for Judicial Notice ("RJN") at Exh. "1."

1  Community Business Bank (collectively, the "Participant Banks") to, among other

2  things, "proceed with all motion practice, including, but not limited to, *motions to*

3  *dismiss [IFA's] [SAC], with prejudice, for [IFA's] failure to appoint counsel in*

4  *[this District Court action]*, or for any other reason whatsoever." *See* RJN, Exh.

5  "8" (emphasis added.)  In accordance with that express authorization, the

6  Participant Banks now bring this Motion to Dismiss to redress IFA's continuing

7  failure to retain counsel in this case, nearly seven months *after* this Court's April 11

8  Order specifically warning IFA that such failure could result in the dismissal of the

9  SAC.

10  **II.   STATEMENT OF FACTS**

11        Prior to IFA's filing of the Bankruptcy Proceeding on March 14, 2011,

12  Defendants Federal Deposit Insurance Corporation, as Receiver for Marshall Bank,

13  N.A., The Marshall Group, Inc., Marshall Financial Group, LLC, Marshall

14  BankFirst Corporation and MB-Bona, LLC (collectively, the "Marshall

15  Defendants"), served document and deposition subpoenas on the persons and

16  entities IFA identified in its Notice of Interested Parties as participants in the IFA

17  loans at issue in this case (collectively, the "IFA Loan Participants").

18        To evade responding to that discovery, IFA filed a Verified Complaint for

19  Injunctive Relief (the "Adversary Complaint"), and an *Ex Parte* Motion for

20  Injunction and Scheduling Hearing (the "Injunction Application") in the

21  Bankruptcy Proceeding, seeking to enjoin the Marshall Defendants from

22  proceeding with the document and deposition subpoenas served on the IFA Loan

23  Participants and to stay all further proceedings "until IFA can decide whether or not

24  it wishes to proceed with th[is] [District Court] case." *See* RJN, Exh. "3" at ¶ 18;

25  *see also id.,* ¶¶ 16, 24.  In its Injunction Application, IFA argued that because it

26  may decide not to proceed with this case, "the continuing discovery would be a

27  waste of time for the parties and counsel." *Id.,* Exh. "4" at p. 3:17-19.  In his

28  Declaration in support of the Injunction Application, IFA's bankruptcy counsel

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

1   further verified that IFA "is uncertain whether it will proceed with [this District

2   Court case], but if it does it will have to employ new counsel and have the same

3   approved by the [Bankruptcy] Court." *Id.*, Exh. "5" at ¶¶ 3-4.

4          On June 10, 2011, Defendant MB-Bona, LLC ("MB-Bona"), filed a

5   combined Motion to Dismiss IFA's Adversary Complaint and Opposition to IFA's

6   Injunction Application in the Bankruptcy Proceeding (collectively, the "Motion to

7   Dismiss"). On July 20, 2011, the Bankruptcy Court disposed of both the Adversary

8   Complaint and the Injunction Application by granting the Motion to Dismiss in its

9   entirety, and by dismissing IFA's Adversary Complaint, with prejudice, effective

10  August 5, 2011. *Id.*, Exh. "6."

11         In an abundance of caution, MB-Bona and Outsource Services Management,

12  LLC dba Presidium Asset Solutions ("OSM"), the servicer of the loans at issue in

13  this case, also filed a Motion for Relief from the Automatic Stay in the Bankruptcy

14  Proceeding, seeking the Bankruptcy Court's permission to proceed with the defense

15  of this action (the "Motion to Lift Stay"). On July 29, 2011, the Bankruptcy Court

16  granted the Motion to Lift Stay and entered an Order lifting the automatic

17  bankruptcy stay "for the purpose of allowing the parties to proceed with discovery

18  and proceed to judgment with respect to [IFA's] Complaint, and defenses to th[at]

19  Complaint, filed in [this District Court action]." *Id.*, Exh. "7."

20         On July 25, 2011, MB-Bona and OSM filed a second Motion for Relief from

21  the Automatic Stay in the Bankruptcy Proceeding, seeking permission from the

22  Bankruptcy Court to file and liquidate all affirmative claims for relief against IFA

23  in this Court (the "Second Lift Stay Motion"). The Bankruptcy Court conducted

24  hearings on the Second Lift Stay Motion on August 30, 2011, and September 28,

25  2011.

26         On October 7, 2011, the Bankruptcy Court granted the Second Lift Stay

27  Motion and entered the an Order reconfirming that "[t]he automatic stay continues

28  to remain lifted with respect to the prosecution of all defenses to [this District Court

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

503778422                                    3

1  action] and to [IFA's] operative [SAC] filed in that litigation, and to proceeding

2  with all discovery as well as to judgment on the [SAC], and on all defenses to the

3  [SAC]." The Bankruptcy Court Order further granted the Second Lift Stay Motion

4  (1) "to allow any party to file any and all claims for affirmative relief against [IFA]

5  in [this District Court action]"; and (2) *to "proceed with all motion practice,*

6  *including, but not limited to, motions to dismiss [IFA's] [operative SAC], with*

7  *prejudice, for [IFA's] failure to appoint counsel in [this District Court action], or*

8  *for any other reason whatsoever"* (the "Second Lift Stay Order"). *Id.,* Exh. "8"

9  (emphasis added.)

10  In accordance with the Bankruptcy Court's Second Lift Stay Order, the

11  Participant Banks respectfully request that the Court dismiss IFA's SAC, with

12  prejudice, pursuant to this Court's April 11 Order and as required by controlling

13  law.

## III.  ARGUMENT

### A.  THE SAC SHOULD BE DISMISSED FOR IFA'S FAILURE TO RETAIN COUNSEL TO REPRESENT IT IN THIS CASE

17  It is long-settled that a corporation may appear in federal court only through

18  a licensed attorney. *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 202 (1993) ("It

19  has been the law for the better part of two centuries . . . that a corporation may

20  appear in the federal courts only through licensed counsel"); *D-Beam Limited*

21  *Partnership v. Roller Derby Skates, Inc.,* 366 F.3d 972, 973-974 ("It is a

22  longstanding rule that '[c]orporations and other unincorporated associations must

23  appear in court though an attorney'"); *U.S. v. High Country Broadcasting Co.,*

24  *Inc.,*3 F.3d 1244, 1245 (9th Cir.1993) (holding that a corporation's president and

25  sole shareholder could not make "an end run" around the counsel requirement by

26  intervening *pro se* rather than retaining counsel to represent the corporation); Local

27  Rule 83-2.10.1 ("A corporation including a limited liability corporation, a

28  partnership including a limited liability partnership, an unincorporated association,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

1  or a trust may not appear in any action or proceeding pro se"). In fact, "[a]ll federal

2  courts that have considered whether a layperson may represent other entities or

3  individuals have held that only attorneys may engage in such representation."

4  *United States of America ex rel. Schwartz v. TRW, Inc.,* 118 F.Supp.2d 991, 993

5  (C.D.Cal. 2000) (citations omitted).

6  California state law similarly forbids a corporation from representing itself.

7  *See e.g., CLD Const., Inc. v. City of San Ramon,* 120 Cal.App.4th 1141, 1145

8  (2004) ("[U]nder a long-standing common law rule of procedure, a corporation,

9  unlike a natural person, cannot represent itself before courts of record in propria

10  persona, nor can it represent itself through a corporate officer, director or other

11  employee who is not an attorney. It must be represented by licensed counsel in

12  proceedings before courts of record"). These federal and state prohibitions on

13  corporate self-representation are rooted in, among other things, the prevention of

14  the unlicensed practice of law (*Merco Const. Engineers, Inc. v. Municipal Court,* 21

15  Cal.3d 724, 730 (1978)), as well as in the fact that non-lawyers lack both the ethical

16  constraints and the necessary skills essential to the practice of law. *Schwartz,*

17  *supra,* 118 F.Supp.2d at 995.

18  It is equally well-settled that the granting of a motion to dismiss a

19  corporation's complaint, or the entry of a default judgment against it, are

20  appropriate means to redress a corporation's failure to retain counsel, as well as a

21  corporation's violation of a local court rule or order requiring such retention. *See*

22  *e.g., D-Beam, supra,* 366 F.3d at 973-974 (finding the court lacked jurisdiction

23  over corporation's claims where corporation did not retain counsel prior to the

24  filing of motions and pleadings on appeal); *High Country Broadcasting, supra,* 3

25  F.3d at 1245 (affirming district court's entry of default judgment against

26  corporation where corporation failed to retain counsel despite district court's order

27  to do so); *Employee Painters' Trust v. Ethan Enterprises, Inc.,* 480 F.3d 993, 998

28  (9th Cir. 2007) (affirming district's court entry of default judgment against

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

1 | corporation where corporation failed to retain counsel, and finding that default is a

2 | permissible sanction for failure to comply with local rules requiring representation

3 | by counsel).

4 |      Here, IFA has had nearly seven months to comply with the Court's April 11

5 | Order, expressly warning IFA that it needed to retain new counsel if it wanted to

6 | avoid losing this case.  Instead of moving forward with the prosecution of *this case*,

7 | IFA instead filed an unsuccessful Adversary Complaint and Injunction Application

8 | in the Bankruptcy Proceeding both to delay, and attempt to prevent, necessary and

9 | crucial discovery from being conducted, while it decided whether to proceed with

10 | this action.  Now, long after the Bankruptcy Court dismissed its Adversary

11 | Complaint and Injunction Application, with prejudice, IFA still has not retained

12 | counsel prerequisite to its maintenance and prosecution of the SAC.  In recognition

13 | of IFA's continuing failure to retain counsel in this case, the Bankruptcy Court not

14 | only lifted the automatic stay to allow the prosecution and defense of this action,

15 | but also specifically authorized the Participant Banks to file this motion to dismiss

16 | the SAC, with prejudice, to redress that precise failure.  Consistent with that

17 | express authorization, this Court's April 11 Order and the weight of the controlling

18 | Supreme, Ninth Circuit, District Court and statutory law cited above, IFA's long-

19 | standing failure to retain counsel in this case requires the dismissal of the SAC.

20 | ## IV.   CONCLUSION

21 |      Based upon the foregoing, the Participant Banks respectfully request that the

22 | SAC be dismissed, with prejudice.

23 | Dated:  October 24, 2011       BAKER & HOSTETLER LLP

25 |      By: /s/ Alan J. Kessel

26 |         Alan J. Kessel
        Attorneys for Defendants NARA BANK

27 |         NATIONAL ASSOCIATION, GOLDEN
        SECURITY BANK, FIRST PRIVATE BANK

28 |         & TRUST, SAIGON NATIONAL BANK,
        and COMMUNITY BUSINESS BANK

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

503778422

6

**PROOF OF SERVICE**

I, Kimberly A. Spake, declare:

I am employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 600 Anton Boulevard, Suite 900, Costa Mesa, California  92626-7221.  On October 24, 2011, I served a copy of the within document(s):

## PARTICIPANT BANK DEFENDANTS' MOTION TO  DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

☒  **BY ELECTRONIC MAIL**:  by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date before 5:00 p.m. and the transmission was reported as complete and without error.

☐  **BY UPS NEXT DAY AIR:**  On the above-mentioned date, I placed a true copy of the above mentioned document(s), together with an unsigned copy of this declaration, in a sealed envelope or package designated by the United Parcel Service with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by United Parcel Service or delivered same to an authorized courier or driver authorized by United Parcel Service to receive documents.

☐  **BY PERSONAL SERVICE**:  I placed a true copy in a sealed envelope addressed to each person[s] named at the address[es] shown and giving same to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date.

☒  **ELECTRONICALLY VIA COURT'S ECF/CM SYSTEM:**  By transmitting on this date  a true and correct copy scanned into an electronic file in Adobe "PDF" format of the above-listed document to the email addresses of the persons registered on the Court's ECF/CM service.

Alan R. Smith, Esq.                          *Counsel for Debtor*
Law Offices of Alan R. Smith            Integrated Financial Associates, Inc.
505 Ridge Street
Reno, Nevada 89501
Email: mail@asmithlaw.com
***(Via Electronic Mail)***

Douglas Mahaffey                            *Counsel for Plaintiff*
Mahaffey & Associates, PLC            Integrated Financial Associates, Inc.
4 San Joaquin Plaza, Suite 320
Newport Beach, CA 92660
Email: Dougm@mahaffeylaw.com
***(Via Electronic Mail)***

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

1

2      I am readily familiar with the firm's practice of collection and processing correspondence

3  for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

4  day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

5  motion of the party served, service is presumed invalid if postal cancellation date or postage

6  meter date is more than one day after date of deposit for mailing in affidavit.

7      I declare under penalty of perjury under the laws of the State of California that the above

8  is true and correct.

9      Executed on October 24, 2011, at Costa Mesa, California.

10

11  _____

12                                    Kimberly A. Spake

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA